## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Action No. 10-cv-00816-REB

MARK R. NICASTLE,

    Plaintiff,

v.

ADAMS COUNTY SHERIFF'S OFFICE, and
SHERIFF DOUGLAS N. DARR, in his official and individual capacity,

    Defendants.

## PRELIMINARY INJUNCTION

**Blackburn, J.**

This matter is before me on (1) the plaintiff's **Verified Motion for Issuance of a Preliminary Injunction Pursuant to F.R.C.P. 65** [#2][1], filed April 12, 2010; and (2) the parties' **Stipulation Re: Motion for Preliminary Injunction** [#17] filed April 22, 2010. I approve the stipulation and grant the motion for preliminary injunction on the terms specified by the parties in their stipulation.

**THEREFORE, IT IS ORDERED** as follows:

1. That the parties' **Stipulation Re: Motion for Preliminary Injunction** [#17] filed April 22, 2010, is **APPROVED**;

2. That plaintiff's **Verified Motion for Issuance of a Preliminary Injunction Pursuant to F.R.C.P. 65** [#2] filed April 12, 2010, is **GRANTED** on the terms specified

---

[1] "[#2]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

by the parties in their stipulation and in this order;

3. That effective forthwith, Defendants the Adams County Sheriff's Office and Sheriff Douglas N. Darr, in his official and individual capacities, together with their agents, servants, employees, attorneys-in-fact, or anyone acting on their behalf, who receive actual notice of this Preliminary Injunction by personal service or otherwise, are **ENJOINED AND RESTRAINED** in the following ways:

> a. Defendants will not interfere with Sgt. Nicastle's activities during off-duty hours and/or vacation time. As long as events are public events, Sgt. Nicastle will be permitted to attend.
>
> b. Defendants will not question activities engaged in during off-duty hours and/or vacation time and will not question why vacation time is requested. For instance, Sgt. Nicastle will not be restricted from attending the C.A.S.A. charity golf tournament on May 19, 2010.
>
> c. Vacation will be granted unless there is a legitimate business need to deny said vacation request. Approval of vacation time will be made by Sgt. Nicastle's direct supervisors, not the Sheriff. Reasons for denial of vacation time shall be communicated to Sgt. Nicastle orally by his direct supervisors.

4. That on or before Monday, May 3, 2010, the plaintiff, Mark R. Nicastle, **SHALL DEPOSIT** with the Clerk of the Court a bond in the amount of one dollar ($1.00) for the payment of such costs and damages as may be suffered by any party later found to have been wrongfully restrained or enjoined;

5. That the court notes that the parties state in their stipulation that they agree to refer any disputes concerning this stipulated preliminary injunction to their attorneys,

and that the parties' attorneys will confer in good faith, presumably in an effort to resolve the dispute, before seeking relief from the court;

      6. That the preliminary injunction hearing scheduled for April 29, 2010, beginning at 1:30 p.m., is **VACATED**;

      7. That this Preliminary Injunction **SHALL REMAIN IN EFFECT** until modified or rescinded by further order of the court.

      Dated April 27, 2010, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge