IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00816-REB-KMT

MARK R. NICASTLE

        Plaintiff,

v.

ADAMS COUNTY SHERIFF'S OFFICE, and SHERIFF DOUGLAS N. DARR, in his
official and individual capacity

        Defendants.

---

## ANSWER

---

        Defendants, Adams County Sheriff's Office and Sheriff Douglas N. Darr
("Defendants"), by and through their attorneys, Hal B. Warren, Adams County Attorney,
and Heidi M. Miller, Assistant County Attorney, and for their Answer to Plaintiff's
Complaint, state as follows:

### INTRODUCTION

        1.      Defendants deny the allegations contained in paragraph 1 of Plaintiff's
Complaint.  Plaintiff violated Adams County Sheriff's Office policy and was disciplined
accordingly.  The disciplinary actions taken against Plaintiff were not related in any way
to Plaintiff's bid for Sheriff in the 2010 election.  The last disciplinary action taken
against Plaintiff occurred on July 21, 2008.  Plaintiff did not announce his candidacy for
Sheriff until December 2009, more than a year later.  The actions taken against Plaintiff
did not violate his constitutional rights.

2.      For their response to paragraph 2 of Plaintiff's Complaint, Defendants

deny that Plaintiff is entitled to any relief.

## JURISDICTION & VENUE

3.      For their response to paragraph 3 of Plaintiff's Complaint, Defendants

contest the jurisdiction of this Court based on the fact that Plaintiff cannot establish a

violation of any constitutional right that could give rise to federal jurisdiction.

4.      For their response to paragraph 4 of Plaintiff's Complaint, Defendants

state that to the extent that Plaintiff can establish jurisdiction, Defendants do not contest

venue in the District of Colorado.

## PARTIES

5.      Defendants admit the allegations contained in paragraph 5 of Plaintiff's

Complaint.

6.      For their response to paragraph 6 of Plaintiff's Complaint, Defendants

admit that the Adams County Sheriff's Office is a Sheriff's Office established by the laws

of the State of Colorado.

7.      For their response to paragraph 7 of Plaintiff's Complaint, Defendants

admit that at all relevant times Sheriff Douglas N. Darr was the duly elected Sheriff of

Adams County, Colorado.  Defendants further admit that under Sheriff's Office policy,

the Sheriff has ultimate authority to discipline individuals in management and command

staff positions, which includes Lieutenants and Captains.  Defendants deny the

remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

**FACTUAL ALLEGATIONS**

8.      Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      For their response to paragraph 9 of Plaintiff's Complaint, Defendants admit that Plaintiff was demoted from the rank of Lieutenant to the rank of Sergeant in July 2008.  Plaintiff's demotion was the result of numerous performance and behavior issues, including three separate internal investigations within five years.  Specifically, internal investigations resulted in findings that Plaintiff was guilty of the following:

- Despite being warned on at least four separate occasions by his superiors that personal use of his assigned County vehicle was not permitted, Plaintiff repeatedly used his County vehicle for personal use.  This use included regularly driving the vehicle for the 54-mile roundtrip commute to his off-duty employment (employment that has no connection to the Sheriff's Office or law enforcement) without paying for gas, mileage fees, or the toll road fees associated with his personal use.  Plaintiff also routinely used the County vehicle to drive his family to events and other personal errands without reimbursing the County for gas, mileage fees and other expenses.  As Plaintiff admitted during the investigation, this behavior could be considered illegal – resulting in 4-day suspension;

- Violation of the policy regarding off-duty employment when Plaintiff repeatedly worked excess hours for an off-duty employer, left his duty post at the Sheriff's Office early in order to work shifts at his off-duty employer, and worked shifts at his off-duty employer when he claimed to be unable to work at the Sheriff's Office

due to medical issues covered by the Family Medical Leave Act ("FMLA") – resulting in 1-day suspension;

- Violation of the policy regarding political activity when Plaintiff engaged in political activity (related to his 2008 bid for Colorado House District 30) while he was on duty and being paid to work at the Sheriff's Office.  Plaintiff engaged in this political activity while wearing a Sheriff's Office uniform and driving a County vehicle – resulting in letter of reprimand;

- Violation of the insubordination policy by purposely disregarding his superior's instructions regarding use of the County vehicle for personal purposes – resulting in 1-day suspension;

- Violation of the Sheriff's Office policy regarding reports by failing to report his off-duty employment to the Sheriff's Office – resulting in a management file entry;

- Violation of the policy regarding unsatisfactory job performance by repeatedly violating Sheriff's Office rules, regulations, directives, and orders – resulting in 1-day suspension;

- Violation of the policy regarding adherence to standards for all of the reasons listed above – resulting in a letter of reprimand;

- For a second time, Plaintiff was found to have violated the policy regarding political activity (related to his 2008 bid for Colorado House District 30) when he used his County computer and email to work on his campaign while on duty – resulting in 1-day suspension;

- Despite a written memorandum from one of the Captains, Plaintiff continued to violate the policy regarding computer use when he repeatedly used his work computer for personal business (i.e. ordering airline tickets and booking a hotel for a personal vacation) while on duty – resulting in 2-day suspension.

- Violation of the sexual harassment policy by repeatedly making lewd comments in the presence of co-workers and female subordinates – resulting in verbal counseling;

In addition to the three internal affairs investigations and resulting findings of violations listed above, Plaintiff's demotion was also based on the following incidents:

- Intentional disobedience of a direct order from his Commander regarding a security gate issue at the jail that resulted in a violation of established security standards;

- Disregarding the instructions of another Commander by giving away County property;

- Inappropriate treatment of a female supervisor under his command who Plaintiff repeatedly told to "shut the f--- up" and ordered to empty her pockets despite her objection in order to determine if she was audio taping his comments;

- Violation of Sheriff's Office policy and American Corrections Association standards when Plaintiff did not fulfill his specifically assigned duty to conduct required periodic inspections of the jail;

- A complaint from Information Technology personnel regarding Plaintiff's attitude and behavior when implementing a new victim's rights project;

- Plaintiff's substandard performance and decision-making concerning an internal affairs investigation he initiated against a female supervisor under his command;

The Sheriff demoted Plaintiff because these repeated policy violations and offenses could not be tolerated from a person at such a high ranking position in the agency. Defendants deny the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10.    Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.    For their response to paragraph 11 of Plaintiff's Complaint, Defendants admit that Sheriff Darr ran for election in 2002 and won.  Defendants deny that Sheriff Darr asked Plaintiff for his political support.  Defendants are without sufficient information or knowledge to know the truthfulness of the remaining allegations contained in paragraph 11 and therefore deny the same.

12.    Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.  Defendants deny that Sheriff Darr used County vehicles for political events. Sheriff Darr drove his County vehicle for Sheriff's Office business-related events, but drove his personal vehicle for non-business events that occurred off-hours.  Sheriff Darr expected other employees to follow the same practice and drive their personal vehicles to off-duty events that were not business related.

13.    Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint.  Sheriff Darr attends many community events in his role as the Sheriff of

Adams County.  These are business events for the Sheriff's Office and the Sheriff does not campaign at these events.

14.     Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint.  Sheriff Darr never supported, mentored, or prepared Plaintiff to be the next Sheriff.  In fact, Sheriff Darr specifically told Plaintiff that he did not support Plaintiff's ambitions to become a captain because of his lack of self-discipline.  This is evidenced by the fact that the Sheriff did not select Plaintiff to attend the FBI academy.

15.     Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint.  The relationship between Plaintiff and Sheriff Darr eventually deteriorated due to Plaintiff's substandard performance and failure to comply with Sheriff's Office policy.

16.     Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     Defendants deny the allegations contained in paragraphs 17 of Plaintiff's Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.  Through resolution of the County Commissioners, Sheriff Darr has permission to use his County vehicle for personal use.  Sheriff Darr did on a couple occasions drive his County vehicle to locations within a few blocks of his home to replace damaged or missing campaign signs.  These activities did take place at night because the Sheriff does not engage in political activity during working hours.  Sheriff Darr did speak with news investigator Paula Woodward, but the issue did not involve

the use of the County vehicle to replace campaign signs.  Sheriff Darr had been

accused of removing / destroying his opponent's campaign materials and placing them

in his County vehicle.  Sheriff Darr told Ms. Woodward that he was certain that there

would be no proof of that allegation because he never touched one of his opponent's

signs.  Sheriff Darr did say that he would resign from the campaign if his accusers could

provide evidence of such behavior.  Ms. Woodward and her supervisors decided not to

pursue the story because they considered the allegations against the Sheriff to be

"electioneering."

19.    For their response to paragraph 19 of Plaintiff's Complaint, Defendants

admit that Sheriff Darr was reelected in November 2006.  Defendants deny the

remaining allegations contained in paragraph 19 of Plaintiff's Complaint.

20.    Defendants deny the allegations contained in paragraph 20 of Plaintiff's

Complaint.  Sheriff Darr did have a conversation with Plaintiff in the F.O.P. parking lot

on January 8, 2007.  The Sheriff and Plaintiff discussed Plaintiff's recent insubordination

with regard to orders given to him by his commander at the jail.  There was no

discussion with regard to Plaintiff potentially running for Sheriff and no request to refrain

from any action that would impact a campaign for Sheriff.   There was a discussion

regarding Roger Engelsman, who had not decided if he might run for Sheriff.

21.    Defendants admit the allegations contained in paragraph 21 of Plaintiff's

Complaint.

22.    For their response to paragraph 22 of Plaintiff's Complaint, Defendants

admit that an internal investigation regarding Plaintiff was conducted in 2007 and that

the internal investigation resulted in disciplinary action against Plaintiff.  Consistent with Sheriff's Office policy, Sheriff Darr did initiate the investigation when he became aware of policy violations.  The investigation was assigned to Captain Craig Coleman because Plaintiff's commander was a witness to some of the issues addressed in the investigation.  Defendants deny the remaining allegations contained in paragraph 22.

23.     Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.  There was never a policy that allowed employees to utilize County vehicles for personal use.  While in uniform, Plaintiff took the County vehicle and left his post for over three hours during the middle of his shift in order to engage in a political meeting. That is a clear violation of policy.  Sheriff Darr was informed of the details of the meeting by Ms. Pat Moore.

24.     Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     For their response to paragraph 25 of Plaintiff's Complaint, Defendants admit that on June 11, 2007 and as a result of the internal affairs investigation, Sheriff Darr issued an administrative order regarding Plaintiff's activities.  The administrative order included the following:

- Due to repeated abuse of his County vehicle privileges, the order took away Plaintiff's assignment of a County vehicle and restricted Plaintiff's use of any County vehicle to use during the work day for business purposes;

- Due to the fact that Plaintiff had been changing his work hours to accommodate outside employment and had been engaging in non-business activities while on

duty, the order specified that Plaintiff was to be at his duty post for a full shift on assigned work days and that he would not be allowed to unilaterally alter his working hours;

- Due to violations of the off-duty employment policy, the order restricted Plaintiff from engaging in off-duty employment at the airport for at least one year;

- Due to all of his policy violations and abuse of privileges, the order removed Plaintiff as the Sheriff's Office representative on the Metro North Chamber of Commerce Leadership Advisory Board and required that Plaintiff receive permission to serve as the Sheriff's Office representative on other boards or commissions.

Defendants deny the remaining allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     For their response to paragraph 26 of Plaintiff's Complaint, Defendants admit that the citizens of Adams County voted in 2009 to allow elected officials in Adams County to run for three terms and that Sheriff Darr announced to the F.O.P. in 2007 that he would support such a measure.  Defendants deny that Plaintiff formally asked the F.O.P. to support him at the same meeting.  Defendants further admit that Sheriff Darr has announced his candidacy for Sheriff in the 2010 election.  Defendants deny the remaining allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     For their response to paragraph 27 of Plaintiff's Complaint, Defendants admit that in response to a change to the statutory provision regarding termination of Sheriff's employees, the Sheriff altered his policies so that the Sheriff had authority to

discipline FLSA exempt individuals in management and command staff positions.  This change in policy was made in consultation with other Sheriffs and legal counsel. Defendants admit that Undersheriff Siska disagreed with the Sheriff's actions. Defendants deny the remaining allegations contained in paragraph 27.

28.     For their response to paragraph 28 of Plaintiff's Complaint, Defendants state that the policies of the Sheriff's Office, past and present, speak for themselves. Defendants deny the remaining allegations contained in paragraph 28 of Plaintiff's Complaint.

29.     Defendants admit the allegations contained in paragraph 29 of Plaintiff's Compliant.

30.     Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.  Plaintiff was not in direct competition with Sheriff Darr or Captain Engelsman in 2007.  At that time, Sheriff Darr was term limited and Captain Engelsman had made no indication that he planned to run for office.  Plaintiff did not announce his candidacy for Sheriff until December 2009.

31.     Defendants admit the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint.  It is unknown how the appeal of Plaintiff's internal investigation would have been handled.  Since Sheriff Darr has been in office, Plaintiff is the only person in a managerial or command staff position to have any sustained internal affairs

investigations and Plaintiff did not appeal the Sheriff's determination regarding his discipline.

33.     Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.  Sheriff Darr was not in town at the time and did not cancel Plaintiff's vacation day.  Plaintiff was not allowed to attend the event because it was a Sheriff's Office business event and the Sheriff's Office selected those individuals that would be permitted to attend the charity event during working hours.  Sheriff Darr did not consider the event to be a political event and Plaintiff did not inform the Sheriff's Office that his interest in attending the event was political in nature.

34.     Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.  Sheriff Darr did offer an explanation to event organizers that due to performance issues Plaintiff was not allowed to represent the Sheriff's Office at business events during working hours.

35.     For their response to paragraph 35 of Plaintiff's Complaint, Defendants deny that any actions taken against Plaintiff were retaliatory in nature.

36.     Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     For their response to paragraph 37 of Plaintiff's Complaint, Defendants admit that an internal investigation regarding Plaintiff was conducted in 2008 and that the internal investigation resulted in disciplinary action against Plaintiff.  Defendants deny the remaining allegations contained in paragraph 37.

38.     Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.  Plaintiff was held accountable for personal internet and email use only after he was specifically warned by Captain Coleman in a written memorandum that such use was not permitted.  Plaintiff's personal use prior to the written memorandum was excused.  Plaintiff made hotel reservations and purchased airline tickets using his work computer after the memorandum was sent.  That was the basis for the discipline imposed on Plaintiff.

39.     Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.  Although Plaintiff did use internet and email for all of the items listed in paragraph 39, that personal use was excused because it was done prior to Captain Coleman's memorandum.

40.     Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.  Plaintiff was held accountable for personal internet and email use only after he was specifically warned by Captain Coleman in a written memorandum that such use was not permitted.  Plaintiff's personal use prior to the written memorandum was excused.

41.     For their response to paragraph 41 of Plaintiff's Complaint, Defendants admit that Captain Engelsman investigated Plaintiff's computer usage, spoke with Captain Wilbourn about his orders, recommended a 4-week suspension and indicated that termination should be considered.  Defendants deny the remaining allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.  It is unknown how the appeal of Plaintiff's internal investigation would have been handled.  Since Sheriff Darr has been in office, Plaintiff is the only person in a managerial or command staff position to have any sustained internal affairs investigations and Plaintiff did not appeal the Sheriff's determination regarding his discipline.  Defendants admit that Plaintiff was suspended for three days as result of the 2008 internal investigation.

44.     Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.     For their response to paragraph 45 of Plaintiff's Complaint, Defendants admit that Plaintiff was demoted in July of 2008 based upon his performance and behavior, including repeated policy violations.  Defendants further admit that Plaintiff did not succeed in his bid for House District 30.  When the news media requested documents related to Plaintiff's disciplinary history, Sheriff Darr declined the requests. Defendants deny the remaining allegations contained in paragraph 45.

46.     For their response to paragraph 46 of Plaintiff's Complaint, Defendants admit that Plaintiff was demoted and that the decision to demote him included the reasons set forth in paragraph 9 above. The memorandum included in Plaintiff's file documented the reasons for the disciplinary action.  All of the reasons set forth in the memorandum were explained to Plaintiff and his attorney in an audio-taped

administrative hearing.  Defendants deny the remaining allegations contained in paragraph 46.

47.     Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.  Plaintiff was aware that he would not be permitted to attend Sheriff's Office business-related events during working hours.  Although he was not allowed to attend events during work hours, Plaintiff was permitted and in fact did attend the events after his shift ended.  Sheriff Darr did inform Plaintiff that the Sheriff had decided to limit attendance at business-related events during work hours to command staff in order to avoid any appearance of impropriety during difficult economic times.  The Sheriff did not campaign at the golf tournament.

48.     Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint.  See paragraph 47 above.

49.     Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint.  See paragraph 47 above.

50.     Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.  Sheriff Darr did inform event organizers that consistent with the previous golf tournament, Plaintiff would not be permitted to attend as a representative of the Sheriff's Office due to his performance and behavior.

51.     For their response to paragraph 51 of Plaintiff's Complaint, Defendants admit that Plaintiff was warned that his rude, loud, and sarcastic comments towards the Sheriff were unacceptable and that if he could not learn to control his behavior, it would result in termination.

52.     For their response to paragraph 52 of Plaintiff's Complaint, Defendants admit that Lieutenant Shipley and Captain McIntosh told Plaintiff that he would have to tell them his vacation plans prior to approval of vacation time.  Defendants further admit that when the Sheriff learned of the conversation, he did not approve and asked Lieutenant Shipley and Captain McIntosh to rescind that order.  Defendants deny the remaining allegations contained in paragraph 52.

53.     For the response to paragraph 53 of Plaintiff's Complaint, Defendants state that the email speaks for itself.  The Sheriff did not consider the C.A.S.A. fundraiser to be a political activity, but a business event hosted by a business partner of the Sheriff's Office.  Plaintiff did not inform the Sheriff's Office that his interest in attending the event was political in nature.  Defendants are without sufficient information or knowledge to know the truthfulness of the remaining allegations contained in paragraph 53 and therefore deny the same.

54.     For their response to paragraph 54 of Plaintiff's Complaint, Defendants admit that Plaintiff officially announced his candidacy for Sheriff in December 2009. Defendants deny the remaining allegations contained in paragraph 54 of Plaintiff's Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of Plaintiff's Complaint.  Sheriff Darr does not consider the C.A.S.A. golf tournament to be a political event and does not plan to campaign at that event or any other business-related event during working hours.  The Sheriff is invited to the event as a business partner and

leader in the community because the Sheriff's Office sponsors C.A.S.A. and actively participates with that organization.

56.     Defendants deny the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.     Defendants admit the allegations contained in paragraph 57 of Plaintiff's Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION – 42 U.S.C. § 1983 FIRST AMENDMENT VIOLATION – RETALIATION

60.     For their response to paragraph 60 of Plaintiff's Complaint, Defendants incorporate their responses to paragraphs 1 through 59 above.

61.     Defendants deny the allegations contained in paragraphs 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 72 and 73 of Plaintiff's Complaint.

62.     Defendants admit the allegations contained in paragraph 71 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION – 42 U.S.C. § 1983 FOURTEENTH AMENDMENT VIOLATION – DENIAL OF DUE PROCESS

63.     For their response to paragraph 74 of Plaintiff's Complaint, Defendants incorporate their responses to paragraphs 1 through 73 above.

64.    Defendants deny the allegations contained in paragraphs 75, 76, 77, 78, 79, 80, 81 and 82 of Plaintiff's Complaint.

**THIRD CAUSE OF ACTION – VIOLATION OF PUBLIC POLICY**

65.    For their response to paragraph 83 of Plaintiff's Complaint, Defendants incorporate their responses to paragraphs 1 through 82 above.

66.    Defendants deny the allegations contained in paragraphs 84 and 85 of Plaintiff's Complaint.

**FOURTH CAUSE OF ACTION – INJUNCTIVE RELIEF**

67.    For their response to paragraph 86 of Plaintiff's Complaint, Defendants incorporate their responses to paragraphs 1 through 85 above.

68.    For their response to paragraphs 87, 88, 89, 90, and 91 of Plaintiff's Complaint, Defendants state that the parties have entered into a stipulation regarding the injunctive relief sought, but deny that injunctive relief was warranted or necessary.

**AFFIRMATIVE DEFENSES**

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    Defendant Darr, individually, is entitled to qualified immunity.

3.    Plaintiff's rights under the United States Constitution were not violated, and Plaintiff was afforded all of the rights, privileges and immunities granted by the United States Constitution.

4.    The conduct of Defendants at all relevant times was lawful, justified, and/or made in good faith.

5.      Plaintiff does not have a property interest in continued employment or any particular employment rank.

6.      Plaintiff has failed to mitigate his damages, if any.

7.      Disciplinary actions taken against Plaintiff were motivated by his job performance and not his political affiliation or speech.

8.      Defendants reserve the right to supplement their affirmative defenses.

**WHEREFORE**, having fully responded to Plaintiff's Complaint and having asserted affirmative defenses, Defendants respectfully requests that this Court dismiss Plaintiff's Complaint, award Defendants' costs and attorneys fees, and for such other relief as the Court deems proper under the circumstances.

Respectfully submitted this 4th day of May 2010.

HAL B. WARREN
ADAMS COUNTY ATTORNEY

*s/ Heidi M. Miller*
   Assistant County Attorney
   Adams County Attorney's Office
450 S. 4th Avenue
Brighton, CO  80601
Phone:  303-654-6116
Fax:  303-654-6114
hmiller@co.adams.co.us
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Donald C. Sisson

HAL B. WARREN
ADAMS COUNTY ATTORNEY

*s/ Heidi M. Miller*
  Assistant County Attorney
  Adams County Attorney's Office
  450 S. 4th Avenue
  Brighton, CO  80601
  Phone:  303-654-6116
  Fax:  303-654-6114
  hmiller@co.adams.co.us
  kvis@co.adams.co.us
  Attorney for Defendants