IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–00816–REB–KMT

MARK R. NICASTLE,

    Plaintiff,

v.

ADAMS COUNTY SHERIFF'S OFFICE, and
SHERIFF DOUGLAS N. DARR, in his official and individual capacity,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on "Plaintiff's Amended Motion for Leave to File First Amended Complaint" (Doc. No. 42 [Mot.], filed 2/4/2011), Defendants' "Response to Plaintiff's Motion to Amend Complaint" (Doc. No. 49 [Resp.], filed 2/18/2011), and "Plaintiff's Reply to Defendants' Response to Plaintiff's Amended Motion for Leave to File First Amended Complaint" (Doc. No. 51 [Reply], filed 3/4/2011). The motion is ripe for review and recommendation.

    In this civil rights suit, Plaintiff alleges that Defendants violated his First and Fourteenth Amendment rights. (Doc. No. 1 at ¶ 1.) In the operative complaint, filed on April 12, 2010, Plaintiff claims that Defendants violated his First and Fourteenth Amendment rights "when they retaliated against him by demoting him from Lieutenant to Sergeant for the purpose of attempting to cripple his attempts to run for Sheriff in the 2010 election." (*Id.*) The operative

complaint "seeks compensatory damages, punitive damages and injunctive relief against the Department as well as Sheriff Darr, in both his individual and official capacities." (*Id.* at ¶ 2.)

Plaintiff now seeks leave to amend his complaint to add facts and "clarify[] his First and Fourteenth Amendment claims" and to add a claim for punitive damages on all claims asserted against Defendant Darr in his individual capacity, pursuant to 42 U.S.C. § 1983. (Mot. at ¶ 6.) Plaintiff seeks to clarify that he "is pursuing Free Speech/Free Expression claims as well as Freedom of Association and/or Political Affiliation claims under the First Amendment." (*Id.* at ¶ 13.) He also seeks to clarify that he is pursuing both procedural and substantive due process claims under the Fourteenth Amendment. (*Id.*) The deadline to join parties and amend the pleadings was September 1, 2010. (Doc. No. 26 at 18.) Trial is set to begin on May 2, 2011. (Doc. No. 25.)

## LEGAL STANDARD

Because Plaintiff filed his motion after the deadline for amending the pleadings, the court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b), then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a). This Court has said that

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other

words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted).

Once Plaintiff has shown good cause for modifying the scheduling order, he must also satisfy the requirements of Rule 15(a) for amending the pleadings. Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

## ANALYSIS

Plaintiff seeks leave to amend his complaint more than five months after the deadline for amending the pleadings expired and just two months before trial. He claims that "during the course of discovery and the development certain [sic] expert opinions, retained and non-retained, Plaintiff has timely and diligently discovered additional facts that justify amendment of the

3

factual allegations portion of the Complaint as well as clarifying his First and Fourteenth Amendment claims based on these new facts." (Mot. at ¶ 13.) Despite the late filing of the motion, Plaintiff asserts that opposing counsel does not object to the timeliness of the amendment, so long as Plaintiff agrees to extensions of deadlines to accommodate any additional discovery that might flow from the amendment, which Plaintiff has agreed to do. (*Id.* at ¶ 14.) Plaintiff also asserts that the proposed amendment will not affect the May 2, 2011 trial date. (*Id.* at ¶ 7.) In response, Defendants confirm that they do not object to the timeliness of the amendment, although they do object to the substance of the amendments, arguing that leave to amend should be denied because the proposed amendments are futile. (Resp. at 2.)

Although Plaintiff has agreed to extend discovery deadlines if needed and Defendants apparently agreed in September 2010 not to challenge the timeliness of an amendment to the complaint, the court finds that Plaintiff has not established good cause to amend the scheduling order. *See* Fed. R. Civ. P. 16(b)(4) (providing that a schedule "may be modified only for good cause . . ."). First, Plaintiff maintains that he is only seeking to clarify claims he has already asserted. To the extent Plaintiff does not seek to add new claims, the court sees no need for Plaintiff to amend the factual portion of his complaint.[1] Moreover, upon review of Plaintiff's

---

[1] Plaintiff's operative complaint states that he "brings this action under 42 U.S.C. § 1983 for violation of his civil rights and seeks compensatory damages, punitive damages and injunctive relief against . . . Sheriff Darr, in both his individual and official capacities." (Doc. No. 1 at ¶ 2.) The court is unclear as to why Plaintiff now seeks leave to add a claim for 'punitive damages against Defendant Sheriff Douglas N. Darr . . . in his individual capacity pursuant to 42 U.S.C. § 1983." (Mot. at ¶ 6.) It appears that Plaintiff has already asserted a claim for punitive damages. He has not cited any law to suggest that additional facts are required to satisfy any pleading standard for punitive damages under § 1983.

4

operative complaint, it appears to the court that the factual background for his First and Fourteenth Amendment claims was available at the time Plaintiff filed his operative complaint. Uncovering additional facts during discovery does not provide good cause to clarify a claim that was inartfully drafted initially. To the extent Plaintiff actually attempts to add new claims he has provided no argument to establish good cause to add new claims. In short, Plaintiff has not shown that the scheduling deadline could not be met despite his diligent efforts.

Second, the court emphasizes the procedural posture of this case. Trial is set for May 2, 2011. (Doc. No. 25.) The dispositive motions deadline ran on March 1, 2011 and, shortly after Plaintiff filed his motion to amend, Defendants filed a motion for summary judgment. (*See* Doc. Nos. 29 and 48.) If leave to amend were granted, Plaintiff's amended complaint would become the operative complaint, necessitating that Defendants refile their motion for summary judgment and pushing the briefing cycle up against the May 2, 2011 trial date. Accordingly, the court finds that Plaintiff has not shown good cause to amend the scheduling order.

Because the court finds no good cause to amend the scheduling order, the court will not address whether leave to amend is appropriate under Rule 15. In particular, the court declines to address Defendants' futility arguments as this issue—at least with regard to Plaintiff's First Amendment claim[2]—is currently before the District Court on Defendants' motion for summary

---

[2] Plaintiff's description in the scheduling order of his Fourteenth Amendment claim clearly states that Plaintiff "asserts procedural due process claims based on a recognized property and liberty interest" (Doc. No. 26 at 7) and Defendants' motion for summary judgment only addresses Plaintiff's Fourteenth Amendment claim on procedural due process grounds (Doc. No. 48). Accordingly, while the futility of a substantive due process claim may not be before the District Judge, Plaintiff still has not shown good cause to amend the scheduling order to add a new claim.

judgment. On July 1, 2010, the court entered a scheduling order based on the proposal submitted by the parties. (*See* Doc. Nos. 22, 26.) In his statement of the case describing his First Amendment claim, Plaintiff's entire discussion and the law he provides in support suggest a Free Speech claim. (*See* Doc. No. 26 at 2-3.) Nevertheless, in opposing Plaintiff's motion to amend, Defendants assert that Plaintiff's *operative* complaint asserts a claim for "First Amendment retaliation – freedom of association/affiliation" and that Plaintiff's *proposed amended* complaint asserts a claim for "First Amendment retaliation – freedom of speech." (Resp. at 2.) In their motion for summary judgment, Defendants argue that "[a]lthough Plaintiff's complaint makes allusions to speech, he does not identify any particular speech which he claims is the subject of retaliation." (Doc. No. 48 at 4.) At the same time, Defendants contend that "[t]his case is not about party affiliation." (*Id.*) Clearly, the nature and viability of Plaintiff's First Amendment claims is currently before the District Court on summary judgment. Accordingly, the court will not address the futility of Plaintiff's proposed amendments.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Plaintiff's Amended Motion for Leave to File First Amended Complaint" (Doc. No. 42 [Mot.], filed 2/4/2011) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the

magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 14th day of March, 2011.

BY THE COURT:

*/s/ Kathleen M. Tafoya*

Kathleen M. Tafoya
United States Magistrate Judge