IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00816-REB-KMT

MARK R. NICASTLE

      Plaintiff,

v.

ADAMS COUNTY SHERIFF'S OFFICE, and SHERIFF DOUGLAS N. DARR, In his
official and individual capacity

      Defendants.

_____

**STIPULATED JURY INSTRUCTIONS**
_____


**STIP - 01**

**OPENING INSTRUCTIONS**

We are about to begin the trial of the case you heard about during the jury

selection process. Before the trial begins, I am going to give you instructions that will

help you to understand what will be presented to you and how you should conduct

yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard

before. Let me briefly explain some of the most common to you. If, during the course of

the trial, there are terms you don't recognize, please let me know and I will explain

them.

1

The party who sues is called the plaintiff. In this action, the plaintiff is Mark Nicastle.  The parties being sued are called the defendants. In this action, the defendants are the Adam's County Sheriff's Department and Sheriff Douglas Darr.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will do my best to avoid it, but may sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case. I am not indicating in any way that you must accept it, but only that you may consider accepting or rejecting it.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you one more time on the law that you must follow and apply.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

2

You are to consider all the evidence received in this trial and only the evidence received at trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the Plaintiff and the Defendants will each be given time for their final arguments. These arguments are not evidence. After these closing arguments, I will again instruct you on the rules of law you are to use in reaching your verdicts, and then you will retire to decide your verdicts.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider. From time to time during the trial I may also direct your attention to particular instructions of law.

Ordinarily, the attorneys, will develop all the relevant evidence that will be necessary for you to reach your verdicts. However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case. In that situation, you may write out a question and provide it to the courtroom deputy at the next recess. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, I will tell you why and explain why such an answer cannot be considered in your deliberations.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect

exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

During the course of the trial, you should not talk with any witness, or with the parties, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Also, you should not discuss the merits of this case among yourselves until you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have again heard my instructions on the controlling rules of law before you deliberate among yourselves. In other words, keep an open mind and form no opinions until you can consider all the evidence and the instructions of law together. During the course of the trial you will receive all the evidence you legally may consider to decide the case. Gathering any information on your own that you think might be helpful is against the law and would be a violation of your oath. Do not engage in any outside reading on this case, even including dictionaries or a bible, do not attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom. Part of my job is to protect you from outside influences. Your job is to confine your decisions to what takes place in this courtroom.

I wish I did not have to dwell on this topic, but recent events around the United States and recent technologies require me to point out that some common practices

4

and habits many of you enjoy are strictly forbidden in your role as jurors. You may not, under any circumstances, have your cell phones, blackberries, iphones or the like on when court is in session. Whether you are here or away from the court during recess you may not "google, twitter, tweet, text message, blog, post" or anything else with those gadgets about or concerning anything to do with this case. To do so could cause a mistrial, meaning all of our efforts would have been wasted and we would have to start all over again with a new trial before a new jury. If you were to cause a mistrial by violating these orders, you could be subject to paying all the costs of these proceedings and perhaps punished for contempt of court. What you may do is advise anyone who needs to know,

such as family members, employers, employees, schools, teachers, or daycare providers that you are a juror in a case and the judge has ordered you not to discuss it until you have reached a verdict and been discharged from the case. At that point you will be free to discuss this case or investigate anything about it to your heart's delight.

If during the course of the trial you believe there is anything you need to know, please write down your request and give it to the courtroom deputy. She will give it to me and we will do our best to attend to it. Fairness to all concerned requires that all of us connected with this case deal with the same information and with nothing other than the same information. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

Finally, I note that the court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. You will not have a typewritten copy

of the testimony available for your use during deliberations. On the other hand, any exhibits admitted at trial will be available to you during your deliberations.

**STIP – 02**

**STOCK INSTRUCTIONS**

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and will soon hear argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case.  It is your duty as jurors to follow the law as I shall state it to you, and to apply the law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel may quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you are, of course, to be governed by the court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, bias, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Anything you may have seen or heard outside the courtroom is not evidence, and must be disregarded entirely.

Statements and arguments of counsel are not evidence in the case. However, when the attorneys on both sides have stipulated or agreed as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, and all facts which may have been admitted, stipulated, or judicially noticed.

The mere number of witnesses appearing for or against a particular fact, issue, or proposition does not in and of itself prove or disprove that fact, issue, or proposition.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be disregarded entirely.

You are to consider only the evidence in the case.  However, in your consideration of the evidence, you are not limited to just the statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testified.  You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Any verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  However, do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case and return a just verdict based upon the evidence in the case and the law as the court has presented it to you.

**STIP – 03**

**STOCK INSTRUCTIONS CONTINUED**

The plaintiff has the burden of proving any claim by a preponderance of the evidence. The defendants have the burden of proving any affirmative defense by a preponderance of the evidence.

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them, and any fact that has been admitted, stipulated, or judicially noticed.

"Burden of proof" means the obligation a party has to prove claim or defense by a preponderance of the evidence. The party with the burden of proof can use evidence produced by any party to persuade you. If a party fails to meet burden of proof as to any claim or defense or if the evidence weighs so evenly that you are unable to say that there is preponderance on either side, you must reject that claim or defense.

**STIP – 04**

**STOCK INSTRUCTIONS CONTINUED**

There are two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence – such as the testimony of an eyewitness or ear witness.  The other is indirect or circumstantial evidence –  the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**STIP – 05**

**STOCK INSTRUCTIONS CONTINUED**

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists as to those witnesses who are described as "expert witnesses."  An "expert witness" is someone who, by education, background, training, or experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case.  If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, including that of other "expert witnesses," you may disregard the opinion in part or in its entirety.

As I have told you several times, you, the jury, are the sole judges of the facts of this case.

12

**STIP – 06**

**STOCK INSTRUCTIONS CONTINUED**

The questions asked by a lawyer for either party to this case are not evidence. If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers are evidence.

**STIP – 07**

**STOCK INSTRUCTIONS CONTINUED**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, by the manner in which the witness testifies, by the character of the testimony given, and by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind and demeanor or manner while on the stand.  Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent mis-recollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider

14

whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.  You may, in short, accept or reject the testimony of any witness in whole or in part.  If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.  An act or omission is "knowingly" done if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**STIP – 08**

**STOCK INSTRUCTIONS CONTINUED**

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.  You are the sole judges of the evidence received in this case.

**STIP - 09**

Any finding of fact you make must be based on probabilities, not possibilities.  A

finding of fact may not be based on surmise, speculation, or conjecture.

**STIP – 10**

**STOCK INSTRUCTIONS CONTINUED**

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**STIP – 11**

**STOCK INSTRUCTIONS CONTINUED**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence, which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

**STIP – 12**

**STOCK INSTRUCTIONS CONTINUED**

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict on anything other than the evidence received in the case and the instructions of the Court.

**STIP – 13**

**STOCK INSTRUCTIONS CONTINUED**

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict the court thinks you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

**STIP – 14**

**STOCK INSTRUCTIONS CONTINUED**

The original written instructions are a part of the court record.  You are not permitted to write any notes on the original instructions or to deface them in any way. The original instructions and the exhibits are to be returned to the court at the conclusion of your deliberations.

 On retiring to the jury room to begin your deliberations, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Any verdict you reach must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  In other words, any verdict you reach must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  However, do not surrender your honest conviction solely because of the opinion of your fellow jurors or for the mere purpose of returning a unanimous verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict(s) must be based solely on the evidence received in the case. Nothing you have seen or read outside of court may be considered.  Nothing that I have said or done during the course of this trial is intended, in any way, to suggest to you somehow what I think your verdicts should be.  Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict(s) I think you should return.  What any verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

Verdict forms have been prepared for your convenience.

You will take the verdict forms to the jury room, and when you have reached unanimous agreement as to your verdict(s), you will have your foreperson write your verdict(s), date and sign, together with all other jurors, the verdict form(s), and then return with the verdict form(s) to the courtroom.

**STIP – 15**

**STOCK INSTRUCTIONS CONTINUED**

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the bailiff signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the court regarding the issues of the case by any means other than such a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court.

If you do send a note to me containing a question or request for further direction, please bear in mind that a response takes considerable time and effort. I must first notify counsel to return to court. Then I must confer with counsel, consider their arguments and, if necessary, research the question before reducing the answer or direction to writing.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to the court– how the jury stands, numerically or otherwise, on the questions before you, until after you have reached unanimous verdicts.

**STIP – 16**

If you find plaintiff was injured as a result of conduct by defendants in violation of Section 1983, you must determine whether plaintiff could have done something to lessen the harm suffered.  Defendants have the burden to prove by a preponderance of the evidence that plaintiff could have lessened or reduced the harm done to plaintiff and that plaintiff failed to do so.

If defendants establish by a preponderance of the evidence that plaintiff could have reduced the harm done to plaintiff but failed to do so, plaintiff is entitled only to damages sufficient to compensate for the injury that plaintiff would have suffered had plaintiff taken appropriate action to reduce the harm.

FED-JI § 168.63

**STIP - 17**

If you find that Mark Nicastle has proven his claim against Defendants Douglas Darr, you should also consider whether to award punitive damages.  The purpose of punitive damages is to punish a defendant for extraordinary misconduct and to set an example to others.

Any amount of punitive damages should be based on the amount that you feel is necessary to effectively punish the particular defendant and to serve as a deterrent to others from engaging in the same type of conduct.

You should consider the question of whether to award punitive damages against Defendant Douglas Darr, and the amount of such damages, separately.  You may award punitive damages against Defendant Douglas Darr if you find the conduct of Douglas Darr was recklessly and callously indifferent to plaintiff's constitutional rights then, in addition to any other damages to which you find the plaintiff is entitled, you may, but are not required to, award plaintiff an additional amount as punitive damages if you find it is appropriate to punish Douglas Darr or deter him and others from like conduct in the future. Whether to award plaintiff punitive damages and the amount of those damages are within your sound discretion.

**STIP- 18**

Under the First Amendment to the Constitution, every public employee has the right to freedom of speech addressing issues of public concern. 42 U.S.C.A. § 1983 provides that a person may sue for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the plaintiff's rights under the U.S. Constitution.

END OF DOCUMENT