IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00816-REB-KMT

MARK R. NICASTLE

    Plaintiff,

v.

ADAMS COUNTY SHERIFF'S OFFICE, and SHERIFF DOUGLAS N. DARR, In his official and individual capacity

    Defendants.

_____

**PLAINTIFF'S COMPETING JURY INSTRUCTIONS & VERDICT FORM**
_____

**COMP – P – 01**

**STATEMENT OF THE CASE**

1.    Plaintiff Mark Nicastle seeks damages for his wrongful demotion among other adverse employment actions taken against him after he decided to run for Sheriff in Adam's County.  Mr. Nicastle was a lieutenant in the Adam's County Sheriff's Department for several years when he informed Sheriff Douglas Darr in the FOP parking lot in December 2006 that he is going to run for Sheriff in 2010.  From January 2007 through the election for Sheriff, Defendants engaged in political retaliation calculated to hurt Plaintiff's ability to run for public office in violation of the First and Fourteenth Amendment to the United States Constitution.  In short, this civil action centers on Defendants retaliatory demotion, systematic adverse employment actions designed to limit Plaintiff's ability to run for Sheriff, and defamatory actions that have

1

harmed Plaintiff's reputation and deprived him of his property and liberty interests.

2.Defendants assert that Plaintiff Mark Nicastle was demoted from the rank of Lieutenant to the rank of Sergeant after he repeatedly violated Sheriff's Office policy and otherwise demonstrated poor job performance as a Lieutenant with the Sheriff's Office.

Defendants deny that Plaintiff's demotion was related in any way to his _____(protected speech as defined by Court).

Defendants deny that Plaintiff had a due process right to be employed at the rank of Lieutenant.

Defendants assert that Plaintiff was provided with all of the procedural due process he was entitled to under the law.

Defendants deny that Plaintiff's liberty interests were violated due to statements made by Sheriff Darr.

### COMP – P – 02

To prevail on his 42 U.S.C. § 1983 First Amendment Violation–Freedom of Association claim against Defendants Adam's County Sheriff's Department or Sheriff Douglas Darr, Mr. Nicastle must prove, by a preponderance of the evidence, all of the following elements:

1. That the actions of defendants were "under color" of the authority of the State;

2. That the political affiliation and/or beliefs of plaintiff were a substantial or motivating factor in defendants' decision to demote or take adverse employment action against plaintiff;

3. That plaintiff's respective employment position did not require political allegiance;

4. That defendants' acts were the proximate or legal cause of damages sustained by plaintiff.

In this case, the parties have stipulated or agreed that defendants acted "under color" of state law and you should, therefore, accept that fact as proven.

If you find that Mr. Nicastle has proved each of these elements as to a particular defendant, then you must return a verdict for Mr. Nicastle against that defendant. However, if you find that any of the elements has not been proved as to a particular defendant, then you must return a verdict for that defendant.

FED-JI§ 168.21; *Elrod v. Burns*, 427 U.S. 347, 356, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976); *Barker v. City of Del City*, 215 F.3d 1134, 1138 (10th Cir. 2000); *Poindexter v. Bd. of County Comm'rs*, 548 F.3d 916, 919 (10th Cir. Okla. 2008).

### COMP – P – 03

To prevail on his 42 U.S.C. § 1983 First Amendment Violation–Freedom of Speech claim against Defendants Adam's County Sheriff's Department or Sheriff Douglas Darr, Mr. Nicastle must prove, by a preponderance of the evidence, all of the following elements:

1. That the actions of defendants were "under color" of the authority of the State;

2. That plaintiff's speech is of public concern meaning that it is of interest to the community, whether for social, political, other reasons;

3. That plaintiff's speech was a substantial or motivating factor in defendants' decision to demote or take adverse employment action against plaintiff;

4. That defendants' acts were the proximate or legal cause of damages sustained by plaintiff.

In this case, the parties have stipulated or agreed that defendants acted "under color" of state law and you should, therefore, accept that fact as proven.

The announcement of candidacy for office and conduct related to a campaign for political office including campaigning is speech and undoubtedly relates to matters of public concern.

*Jantzen v. Hawkins*, 188 F.3d 1251 (10th Cir. Okla. 1999).

If you find that Mr. Nicastle has proved each of these elements as to a particular defendant, then you must return a verdict for Mr. Nicastle against that defendant.

4

5

However, if you find that any of the elements has not been proved as to a particular defendant, then you must return a verdict for that defendant.

FED-JI§ 168.21; *Pickering v. Board of Educ.*, 391 U.S. 563, 20 L. Ed. 2d 811, 88 S. Ct. 1731 (1968), and *Connick v. Myers*, 461 U.S. 138, 75 L. Ed. 2d 708, 103 S. Ct. 1684 (1983) (the "Pickering/Connick test"); *Jantzen v. Hawkins*, 188 F.3d 1247, 1251 (10th Cir. Okla. 1999).

## COMP – P – 04

If you find that plaintiff has proven by a preponderance of the evidence that the plaintiff's speech activity was a substantial factor or a motivating factor in defendants' decision, you must then determine whether defendants have established by a preponderance of the evidence that they would have reached the same decision even in the absence of plaintiff's protected speech activity. If defendants show, by a preponderance of the evidence, that plaintiff would have been demoted in any event, then you should find for defendants.

Plaintiff is not required to produce direct proof of unlawful motive, intent, or design. A motive, intent, or design to violate a person's constitutional rights, if it exists, is seldom admitted directly and, if it exists, must be shown from the existence of other facts.

FED-JI § 168.20; FED-JI § 168.50

## COMP – P – 05

To prevail on his 42 U.S.C. § 1983 Fourteenth Amendment Violation–Procedural Due Process claim based on his Property Interest against Defendants Adam's County Sheriff's Department or Sheriff Douglas Darr, Mr. Nicastle must prove, by a preponderance of the evidence, all of the following elements:

1. That plaintiff had a property interest in his continued employment at the rank of Lieutenant with the Adam's County Sheriff Department;

2. That plaintiff was demoted from the rank of Lieutenant to the rank of Sergeant;

3. That plaintiff was not given any one of the following three things: (a) notice of the issues in disputes; or (b) an adequate opportunity to be heard; or (c) a fair and impartial decision maker;

4. That defendants' acts were the proximate or legal cause of damages sustained by plaintiff.

In this case, I have determined that plaintiff did have a property interest in his continued employment at the rank of Lieutenant with Adams County Sheriff's Department and you should, therefore, accept that fact as proven.

If you find that Mr. Nicastle has proved each of these elements as to a particular defendant, then you must return a verdict for Mr. Nicastle against that defendant. However, if you find that any of the elements has not been proved as to a particular defendant, then you must return a verdict for that defendant.

FED-JI§ 168.100; C.R.S. § 30-50-106; *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985);  *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998);

*Campbell v. Mercer*, 926 F.2d 990, 993 (10th Cir. 1991); *Riggins v. Goodman*, 572 F.3d 1101, 1115 (10th Cir. 2009) *citing to Locurto v. Safir*, 264 F.3d 154, 173-74 (2nd Cir. 2001).

END OF PAGE

**COMP – P – 06**

If you find in favor of plaintiff Mark Nicastle, then you must award plaintiff such sum as you find from the preponderance of the evidence will fairly and justly compensate plaintiff for any damages you find plaintiff sustained and is reasonably certain to sustain in the future as a direct result of his demotion, other adverse employment actions or damage to reputation.  If you find in favor of Plaintiff Mark Nicastle, you may award damages for his pain and suffering, inconvenience, emotional stress, anxiety, loss of enjoyment of life, or impairment of the quality of life caused by the violation of his civil rights.  You should consider the following elements of damages:

1. The mental and emotional suffering the plaintiff has experienced and is reasonably certain to experience in the future;

2. The wages plaintiff has lost and is reasonably certain to lose in the future because of plaintiff's demotion from the rank of Lieutenant to the rank of Sergeant.

Throughout your deliberations you must not engage in any speculation, guess, or conjecture and you must not award any damages under this instruction by way of punishment or through sympathy.

FED-JI § 168.60

**COMP – P – 07**

**§ 168.71. Verdict form—One plaintiff, two defendants**

On Plaintiff's claim for 42 U.S.C. § 1983 First Amendment Violation–Freedom of Association against Defendant Adams County Sheriff's Office, we find in favor of (check one)

□ Plaintiff Mark Nicastle, or

□ Defendant Adams County Sheriff's Office.

On Plaintiff's claim for 42 U.S.C. § 1983 First Amendment Violation–Freedom of Association against Defendant Douglas Darr, we find in favor of (check one)

□ Plaintiff Mark Nicastle, or

□ Defendant Douglas Darr.

On Plaintiff's claim for 42 U.S.C. § 1983 First Amendment Violation–Freedom of Speech against Defendant Adams County Sheriff's Office, we find in favor of (check one)

□ Plaintiff Mark Nicastle, or

□ Defendant Adams County Sheriff's Office.

On Plaintiff's claim for 42 U.S.C. § 1983 First Amendment Violation–Freedom of Speech against Defendant Douglas Darr, we find in favor of (check one)

□ Plaintiff Mark Nicastle, or

□ Defendant Douglas Darr.

On Plaintiff's claim for 42 U.S.C. § 1983 Fourteenth Amendment Violation–Procedural Due Process based on Property Interest against Defendant Adams County Sheriff's Office, we find in favor of (check one)

□ Plaintiff Mark Nicastle, or

□ Defendant Adams County Sheriff's Office.

On Plaintiff's claim for 42 U.S.C. § 1983 Fourteenth Amendment Violation–Procedural Due Process based on Property Interest against Defendant Douglas Darr, we find in favor of (check one)

☐ Plaintiff Mark Nicastle, or

☐ Defendant Douglas Darr.

On Plaintiff's claim for 42 U.S.C. § 1983 Fourteenth Amendment Violation–Procedural Due Process based on Liberty Interest against Defendant Adams County Sheriff's Office, we find in favor of (check one)

☐ Plaintiff Mark Nicastle, or

☐ Defendant Adams County Sheriff's Office.

On Plaintiff's claim for 42 U.S.C. § 1983 Fourteenth Amendment Violation–Procedural Due Process based on Liberty Interest against Defendant Douglas Darr, we find in favor of (check one)

☐ Plaintiff Mark Nicastle, or

☐ Defendant Douglas Darr.

On Plaintiff's claim for 42 U.S.C. § 1983 Fourteenth Amendment Violation–Substantive Due Process against Defendant Adams County Sheriff's Office, we find in favor of (check one)

☐ Plaintiff Mark Nicastle, or

☐ Defendant Adams County Sheriff's Office.

On Plaintiff's claim for 42 U.S.C. § 1983 Fourteenth Amendment Violation–Substantive Due Process against Defendant Douglas Darr, we find in favor of (check one)

☐ Plaintiff Mark Nicastle, or

☐ Defendant Douglas Darr.

On Plaintiff's claim for Injunction against Defendant Adams County Sheriff's Office, we find in favor of (check one)

☐ Plaintiff Mark Nicastle, or

☐ Defendant Adams County Sheriff's Office.

On Plaintiff's claim for Injunction against Defendant Douglas Darr, we find in favor of (check one)

☐ Plaintiff Mark Nicastle, or

☐ Defendant Douglas Darr.

Complete the following paragraphs only if one or more of the above findings is in favor of plaintiff Mark Nicastle.

We find plaintiff's damages to be:
$ _____ *[state the amount or, if none, write the word "none"].*

You may not award punitive damages against any defendant unless you have first found against that defendant and awarded plaintiff actual damages.

We assess punitive damages against defendant Douglas Darr as follows:
$ _____ *[stating the amount or, if none, write the word "none"].*

FED-JI § 168.71

END OF DOCUMENT

12