**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-00816-REB-KMT

MARK R. NICASTLE,

    Plaintiff,

v.

ADAMS COUNTY SHERIFF'S OFFICE, and
SHERIFF DOUGLAS N. DARR, in his official and individual capacity,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) **Plaintiff's Amended Motion for Leave To File First Amended Complaint** [#42][1] filed February 4, 2011; and (2) the **Recommendation of United States Magistrate Judge** [#56] filed March 14, 2011.  On March 28, 2011, the plaintiff filed an objection [#62] to the recommendation.  As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, the plaintiffs' objections, and the applicable law.  I overrule the objection, approve and adopt the recommendation, and deny the motion to amend.

The plaintiff seeks to file an amended complaint to clarify that he is pursuing, *inter alia*, a free speech claim, a freedom of association claim, a procedural due process

---

[1] "[#42]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

claim, and a substantive due process claim.  The **Final Pretrial Order** [#59] in this case specifies that the plaintiff is pursuing each of these four claims.  *Final Pretrial Order* [#59], p. 2.  On the record at the Trial Preparation Conference, held April 15, 2011, the plaintiff withdrew his substantive due process claim.   As a result, there is no need to amend the complaint to clarify that the plaintiff is pursuing a free speech claim, a freedom of association claim, and a procedural due process claim.  To the extent the plaintiff may seek to add additional factual allegations to the complaint in support of these claims, an amendment of the complaint is not justified.  There is no requirement that a complaint recite every fact that may form the basis for the claims asserted.

The plaintiff seeks also to amend his complaint to include a claim for punitive damages.  The present complaint [#1] includes a claim for punitive damages.  *Verified Complaint and Jury Demand* [#1], p. 22.  There is no need to amend the complaint in order to reiterate the plaintiff's claim for punitive damages.  In his objection [#62] to the recommendation, the plaintiff notes that his claim for punitive damages is not noted in the **Final Pretrial Order** [#59].  To the extent necessary to ensure that the plaintiff's claim for punitive damages remains viable, and in order to prevent manifest injustice, I order that the  **Final Pretrial Order** [#59] is amended to specify that the plaintiff seeks both compensatory and punitive damages in this case.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#56] filed March 14, 2011, is **APPROVED AND ADOPTED** as an order of this court;

2.  That the objections stated in the  **Plaintiff's Objection To the Recommendation of the United States Magistrate Judge (Docket #56)** [#62] filed March 28, 2011, are **OVERRULED**;

3. That the **Plaintiff's Amended Motion for Leave To File First Amended Complaint** [#42] filed February 4, 2011, is **DENIED**; and

4. That in order to prevent manifest injustice, the **Final Pretrial Order** [#59] is **AMENDED** to specify that the plaintiff seeks both compensatory and punitive damages in this case.

Dated April 18, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge