**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-00816-REB-KMT

MARK R. NICASTLE,

   Plaintiff,

v.

ADAMS COUNTY SHERIFF'S OFFICE, and
SHERIFF DOUGLAS N. DARR, in his official and individual capacity,

   Defendants.

## ORDER CONCERNING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter comes before me on the **Defendants' Motion for Summary Judgment** [#48][1] filed February 18, 2011.  The plaintiff filed a response [#58], and the defendants filed a reply [#66].  I grant the motion in part and deny it in part.[2]

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c);

---

[1] "[#48]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the papers. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 514 U.S. 1004 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works*, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 528 U.S. 933 (1999); *Nutting v. RAM Southwest, Inc.*, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

Defendant, Sheriff Douglas N. Darr, asserts the defense of qualified immunity and raises that defense as one of the bases for his motion for summary judgment. A motion for summary judgment asserting qualified immunity must be reviewed differently from other summary judgment motions. *See Saucier v. Katz*, 533 U.S. 194, 201

(2001), *overruled in part, Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808 (2009); *Holland v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001), *cert. denied*, 535 U.S. 1056 (2002). After a defendant asserts qualified immunity, the burden shifts to the plaintiff. *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000). To overcome a claim of qualified immunity, the plaintiff first must establish "that the defendant's actions violated a constitutional or statutory right." *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995); *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (noting the court must first decide whether the plaintiff has alleged deprivation of a constitutional right). This burden means coming forward with specific facts establishing the violation. *Taylor v. Meacham*, 82 F.3d 1556, 1559 (10th Cir.1996).

If the plaintiff establishes a violation of a constitutional or statutory right, then he must demonstrate that the right at issue was clearly established *at the time* of the defendant's alleged unlawful conduct. *Albright*, 51 F.3d at 1534. To demonstrate clearly established law, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts," which find the law to be as the plaintiff maintains. *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir.1992), *overruled in part, Williams v. City & County of Denver*, 99 F.3d 1009, 1014 - 1015 (10th Cir. 1996). The plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law establishing that the defendant's actions clearly were prohibited. *Hilliard v. City and County of Denver*, 930 F.2d 1516, 1518 (10th Cir. 1991) (citing *Hannula v. City of Lakewood*, 907 F.2d 129, 131 (10th Cir. 1990)). In determining whether the right was "clearly established," the court assesses the objective legal reasonableness of the action at the time and asks

3

whether "the right [was] sufficiently clear that a reasonable officer would understand that what he is doing violates that right." **Wilson v. Layne**, 526 U.S. at 615. However, the plaintiff need not establish a "'precise factual correlation between the then-existing law and the case at hand . . . .'" **Patrick v. Miller**, 953 F.2d 1240, 1249 (10th Cir.1992) (quoting **Snell v. Tunnell**, 920 F.2d 673, 699 (10th Cir. 1990)). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action . . . assessed in light of the legal rules that were 'clearly established' at the time it was taken." **Anderson v. Creighton**, 483 U.S. 635, 639 (1987) (quotations and citations omitted).

If the plaintiff satisfies both of these elements, then the burden shifts to the defendant. Unless the defendant demonstrates that there is no disputed issue of material fact relevant to the immunity analysis, a motion for summary judgment based on qualified immunity must be denied. **Salmon v. Schwarz**, 948 F.2d 1131, 1136 (10th Cir.1991). If the plaintiff fails to satisfy either part of the two-pronged inquiry, then the court must grant qualified immunity. **Albright**, 51 F.3d at 1535. In short, although the court must review the evidence in the light most favorable to the plaintiff, a defendant's assertion of qualified immunity may be overcome only when the record demonstrates clearly that the plaintiff has satisfied his heavy two-part burden. In civil rights cases, a defendant's unlawful conduct must be demonstrated with specificity. **Davis v. Gracey**, 111 F.3d 1472, 1478 (10th Cir. 1997).

In a recent opinion, the United States Supreme Court altered somewhat the analytical process that may be used when a defendant claims the protection of qualified

4

immunity. ***Pearson v. Callahan***, ___ U.S. ___, 129 S. Ct. 808 (2009). Under ***Saucier v. Katz***, a court addressing a claim of qualified immunity first must determine whether the plaintiff has adduced facts sufficient to make out a constitutional or statutory violation. ***Saucier***, 533 U.S. at 201. Under ***Saucier***, a court must address and resolve this first question before proceeding to the second step of the analysis, a determination of whether the claimed constitutional or statutory right was established clearly at the time of the alleged violation. ***Id***. In ***Pearson***, the Supreme Court held that the sequential two step analysis mandated in ***Saucier***

> should no longer be regarded as mandatory. The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.

***Pearson***, ___ U.S. ___, ___, 129 S.Ct. 808, 818 (2009). The Supreme Court noted, however, that the sequence set forth in ***Saucier*** is often the appropriate analytical sequence. ***Id***.

### III.  UNDISPUTED MATERIAL FACTS

Defendant Douglas N. Darr is the Sheriff of Adams County, Colorado. Plaintiff Mark Nicastle is an employee of the Adams County Sheriff. Until July, 2008, Nicastle was a lieutenant in the sheriff's office. In July, 2008, Sheriff Darr demoted Nicastle to sergeant. Nicastle claims that Sheriff Darr demoted Nicastle because Nicastle told Sheriff Darr that Nicastle planned to run for sheriff in the 2010 election and because Nicastle made statements and took actions as part of his effort to run for sheriff.

Sheriff Darr learned that Nicastle planned or desired to run for sheriff in November, 2005. In December, 2006, Sheriff Darr and Nicastle argued with each other,

in a personal conversation, about who Sheriff Darr would support for sheriff in the next election. At that time, state law barred Sheriff Darr from seeking a third term as sheriff. At a meeting of the Fraternal Order of Police Lodge 1, held in March, 2007, Nicastle announced that he was going to run for sheriff in the next election. Nicastle made some comments at this meeting that can be seen as critical of Sheriff Darr's administration. Sheriff Darr was present at this meeting, and after Nicastle's statement, Sheriff Darr announced that he was seeking to change the law that barred him from seeking a third term. Sheriff Darr said he would seek a third term as sheriff if he was successful in his effort to get the law changed.

    In July, 2008, Sheriff Darr demoted Nicastle from the rank of lieutenant to the rank of sergeant. Sheriff Darr says this demotion was based on the result of three investigations by internal affairs and a series of performance issues concerning Nicastle. Sheriff Darr conducted a pre-demotion hearing with Nicastle on June 11, 2008. Nicastle's lawyer was present. Nicastle was informed of Sheriff Darr's concerns and was told that Sheriff Darr was considering demotion as a sanction. Nicastle made verbal responses to Sheriff Darr's concerns at this hearing, and Nicastle was permitted to provide a written statement to the sheriff. An administrative hearing was held on July 16, 2008, at which Nicastle and his attorney were present. At the hearing, Nicastle had an opportunity to respond to Sheriff Darr's performance concerns. following the pre-demotion hearing and the administrative hearing, Sheriff Darr demoted Nicastle to sergeant. In addition, Sheriff Darr canceled vacation time requested by Nicastle, removed from Nicastle the privilege of using a take home vehicle, and made comments to others in which Sheriff Darr was critical of Nicastle.

## IV. FIRST AMENDMENT CLAIM

I have reviewed the apposite arguments, authorities, and evidence presented by the parties concerning Nicastle's claims under the First Amendment. It is apparent that there exist genuine issues of material fact concerning these claims that are not appropriate for summary resolution. Therefore, I deny the defendants' motion for summary judgment on the First Amendment claims. I address below Darr's claim of qualified immunity as it applies to the First Amendment claims.

## V. DUE PROCESS CLAIM

Nicastle contends that Sheriff Darr deprived Nicastle of constitutionally protected property and liberty interests without due process of law, in violation of the Fourteenth Amendment.[3] In response, Sheriff Darr argues that, viewing the evidence in the record in the light most favorable to Nicastle, there is no basis to conclude that Nicastle was deprived of a constitutionally protected property or liberty interest when Nicastle was demoted. I agree. To establish his procedural due process claim, Nicastle must show (1) that he possessed a liberty or property interest to which due process protection is applicable; and (2) that he was deprived of that interest without adequate due process of law. *See, e.g., Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998).

### A. Property Interest

Nicastle argues that he had a legitimate property interest in his rank as lieutenant in the Adams County Sheriffs Department. "The standard for the existence of a property right in [public] employment is whether the plaintiff has a legitimate expectation

---

[3] Nicastle dismissed his substantive due process claim in an oral motion made at the Trial Preparation Conference, held April 15, 2011.

of continued employment." *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998). Such a property interest is defined by existing rules or understandings that arise from an independent source, such as state law rules or understandings that secure certain benefits and support claims of entitlement to those benefits. *Id*. "(I)f state statutes or regulations place substantive restrictions on a government actor's ability to make personnel decisions, then the employee has a protected property interest." *Id*. For example, if a statute restricts the reasons for a discharge to just cause shown, then an employee has a right to continued employment until just cause is shown. *Id*. The same analysis is applied to determine if a person has a property right in a particular employment status. *Id*. at 1254.

> Procedural detail in a statute or regulation, standing alone, is not sufficient to establish a protected property interest in an employment benefit. However, if the statute or regulation places substantive restrictions on the discretion to demote an employee, such as providing that discipline may only be imposed for cause, then a property interest is created.

*Id*.

Nicastle relies on §30-10-506, C.R.S. as the basis for his contention that he had a constitutionally protected property interest in his status as a lieutenant. This statute provides, in relevant part:

> Each sheriff may appoint as many deputies as the sheriff may think proper and may revoke such appointments at will; except that a sheriff shall adopt personnel policies, including policies for the review of revocation of appointments. Before revoking an appointment of a deputy, the sheriff shall notify the deputy of the reason for the proposed revocation and shall give the deputy an opportunity to be heard by the sheriff.

§30-10-506, C.R.S. This statute does not create a property interest in a particular rank held by a sheriff's employee. First, the statute addresses only revocation of an appointment as a deputy, as opposed to a particular rank held by a deputy. More

important, the statute provides procedural detail but does not place substantive restrictions on the discretion of a sheriff to revoke an appointment or to demote an employee.

Nicastle states in his affidavit that based on the policies then in effect in Adams County, he had an expectation that he would receive notice and a fair and adequate opportunity to be heard before he was demoted or terminated. *Response* [#58], Exhibit 10 (Nicastle affidavit), ¶ 11. However, Nicastle does not cite any specific policies on which his expectation was based. Assuming such policies exist, they do not create a property interest in a particular rank held by a sheriff's employee. As described by Nicastle, the policies provide procedural detail, but do not place substantive restrictions on the discretion of a sheriff to terminate or demote an employee.

Viewing the evidence in the record in the light most favorable to Nicastle, there is no basis to conclude that Nicastle had a property interest in his rank as lieutenant in the Adams County Sheriffs Department. Thus, the defendants are entitled to summary judgment on Nicastle's due process claim based on his alleged property interest in his rank as lieutenant.

### B. Liberty Interest

Nicastle claims also that Sheriff Darr's derogatory comments to others about Nicastle violated a liberty interest that is entitled to constitutional protection. To establish his claim that Sheriff Darr's derogatory statements deprived Nicastle of a constitutionally protected liberty interest, Nicastle must prove four elements:

> First, to be actionable, the statements must impugn the good name, reputation, honor, or integrity of the employee. Second, the statements must be false. Third, the statements must occur in the course of terminating the employee or must foreclose other employment

9

opportunities. And fourth, the statements must be published.

*Sandoval v. City of Boulder*, 388 F.3d 1312, 1329 (10th Cir. 2004). To the extent a plaintiff seeks to prove that other employment opportunities are foreclosed, the plaintiff must show that the statements made the employee "categorically ineligible" for the other employment opportunities. *Id*. The fact that other employment is more difficult to obtain, though not impossible, is not sufficient to establish foreclosure of other opportunities. *Id*.

There is no evidence in the record indicating that Nicastle's employment was terminated. It is undisputed that Nicastle remains employed by the Adams County Sheriff. There is no evidence in the record that Sheriff Darr's alleged statements made Nicastle categorically ineligible for other employment opportunities. Viewing the evidence in the record in the light most favorable to Nicastle, no rational trier of fact could find that Nicastle has established the third element of his due process claim based on deprivation of a liberty interest. Thus, the defendants are entitled to summary judgment on Nicastle's due process claim based on his alleged liberty interest.

## C. Conclusion

Viewing the evidence in the record in the light most favorable to Nicastle, there is no basis to conclude that Nicastle had a property interest in his rank as lieutenant in the Adams County Sheriffs Department, and there is no basis to conclude that Nicastle could establish the third element of his due process claim based on deprivation of a liberty interest. Therefore, the defendants are entitled to summary judgment on Nicastle's due process claims.

## VI. QUALIFIED IMMUNITY

Sheriff Darr asserts the affirmative defense of qualified immunity. Under the doctrine of qualified immunity, government officials performing discretionary functions are shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would know. ***Harlow v. Fitzgerald***, 457 U.S. 800, 818 (1982).  To surmount this defense, Nicastle must establish facts showing (1) that Sheriff Darr's actions violated a constitutional or statutory right of Nicastle's; and (2) that the right at issue was clearly established *at the time* of Darr's alleged unlawful conduct.

In his response to the motion for summary judgment, Nicastle argues that the evidence in the record demonstrates a violation of his constitutional rights which precludes the entry of summary judgment on his claims and that the rights in question were clearly established at the time of Sheriff Darr's actions. Nicastle contends that Sheriff Darr retaliated against Nicastle based on various statements made by Nicastle as he prepared to run for Sheriff.  Nicastle argues that this retaliation violated Nicastle's First Amendment right to free speech.  Applying the four part ***Pickering / Connick*** test applied by the United States Court of Appeals for the Tenth Circuit in ***Jantzen v. Hawkins***, I conclude that Nicastle has established facts that would permit a reasonable fact finder to conclude that Sheriff Darr violated Nicastle's First Amendment right to free speech when Sheriff Darr arguably retaliated against Nicastle based on Nicastle's statements. 188 F.3d 1247, 1257 (10th Cir. 1999); ***Pickering v. Bd. of Educ.***, 391 U.S. 563 (1968); ***Connick v. Myers***, 461 U.S. 138 (1983). Based on the holding of the United States Court of Appeals for the Tenth Circuit in ***Jantzen*** and the opinions of the United States Supreme Court which undergird ***Jantzen***, I conclude that the First

Amendment free speech rights asserted by Nicastle in this case were clearly established when Sheriff Darr took the actions alleged by Nicastle.

Nicastle argues also that Sheriff Darr violated Nicastle's First Amendment right to freedom of association when Darr retaliated against Nicastle based on Nicastle's association with those who supported Nicastle's candidacy or whose support Nicastle sought. When a government employer takes adverse action based on an employee's political association or beliefs, the test established in **Elrod v. Burns**, 427 U.S. 347 (1976) and **Branti v. Finkel**, 445 U.S. 507 (1980) is applicable. **Jantzen**, 188 F.3d at 1251. In essence, Nicastle must show (1) that his political affiliation or beliefs were a motivating factor in the adverse action taken against Nicastle by Sheriff Darr and (2) that Nicastle's employment did not require political allegiance to Sheriff Darr. Notably, the Tenth Circuit held in **Jantzen** that the First Amendment right to political affiliation does not include "the mere right to affiliate with oneself" when an employee chooses to run for elective office. 188 F.3d at 1252. However, this right does include the "freedom to associate with others for the common advancement of political beliefs . . . ." **Id**. at 1253. The right of political affiliation includes commonality of political purpose and support of political candidacy and is not limited to membership in a political party. **Id**.

Applying the **Elrod / Branti** test applied by the United States Court of Appeals for the Tenth Circuit in **Jantzen v. Hawkins**, I conclude that Nicastle has established facts that would permit a reasonable fact finder to conclude that Sheriff Darr violated Nicastle's First Amendment right to freedom of association when Sheriff Darr arguably retaliated against Nicastle based on Nicastle's association with those who supported Nicastle's candidacy or whose support Nicastle sought. 188 F.3d at 1251 - 1256.

Based on the holding of the United States Court of Appeals for the Tenth Circuit in *Jantzen* and the opinions of the United States Supreme Court which undergird *Jantzen*, I conclude that the First Amendment freedom of association rights asserted by Nicastle in this case were clearly established when Sheriff Darr took the adverse actions alleged by Nicastle.

In response to Sheriff Darr's motion for summary judgment asserting the defense of qualified immunity, Nicastle has established facts showing that a reasonable fact finder could conclude that Sheriff Darr's actions violated Nicastle's First Amendment rights and that the First Amendment rights at issue were clearly established *at the time* of Sheriff Darr's alleged unlawful conduct. Thus, Sheriff Darr is not entitled to qualified immunity on Nicastle's First Amendment claims.

Contrastingly, for the reasons discussed above, I conclude that Nicastle has not established facts showing that a reasonable fact finder could conclude that Sheriff Darr's actions violated Nicastle's right to due process of law. Because Nicastle has not come forward with evidence to support his contention that Sheriff Darr's actions violated Nicastle's due process rights, Sheriff Darr is entitled to qualified immunity on Nicastle's due process claims.

## VIII.  PUBLIC POLICY CLAIM

Nicastle asserts also a tort claim under state law for violation of public policy. In response to the defendants' motion for summary judgment, Nicastle concedes that he cannot establish his tort claim for violation of public policy. Thus, the defendants are entitled to summary judgment on this claim.

## IX.  INJUNCTIVE RELIEF

Nicastle seeks injunctive relief rescinding an administrative order issued by Sheriff Darr restricting certain activities by Nicastle. The administrative order concerns Nicastle's ability to attend events during business hours related to Nicastle's campaign for sheriff. administrative Darr argues that, because Nicastle no longer is campaigning for sheriff, Nicastle's request for injunctive relief now is moot. Nicastle argues that the administrative order remains in effect and is legally improper. Given the evidence in the record, I conclude that the issue of injunctive relief concerning the administrative order may not be fully moot. Therefore, I await the presentation of evidence at trial to determine this issue.

## X.  CONCLUSION

I conclude that Nicastle has demonstrated the existence of genuine issues of material fact concerning his First Amendment claim and that Nicastle has met the two part burden he must meet in response to Sheriff Darr's claim of qualified immunity concerning the First Amendment claim. Therefore, I conclude that defendants' motion for summary judgment must be denied as to Nicastle's First Amendment claim. On the other hand, viewing the evidence in the record in the light most favorable to Nicastle, no reasonable fact finder could find in favor of Nicastle on his due process claims. Defendants' are entitled to summary judgment on the due process claims. Nicastle concedes that he cannot establish his state law tort claim for violation of public policy; thus, Defendants' are entitled to summary judgment on this claim. Nicastle's claim for injunctive relief concerning Sheriff Darr's administrative order is not moot; thus, defendants' are not entitled to summary judgment on this claim.

## XI. ORDERS

15

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants' Motion for Summary Judgment** [#48] filed February 18, 2011, is **GRANTED** as to the plaintiff's claims for denial of his right to due process of law and the plaintiff's tort claim under state law for violation of public policy; and

2. That the **Defendants' Motion for Summary Judgment** [#48] filed February 18, 2011, is **DENIED** otherwise.

Dated April 28, 2011, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge