**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 10-cv-00816-REB-KMT

MARK R. NICASTLE,

     Plaintiff,

v.

ADAMS COUNTY SHERIFF'S OFFICE, and
SHERIFF DOUGLAS N. DARR, in his official and individual capacity,

     Defendants.

---

**ORDER CONCERNING MOTION TO EXCLUDE EXPERT WITNESSES**

---

**Blackburn, J.**

     This matter is before me on the defendants' **Motion To Strike Plaintiff's Liability Experts** [#44][1] filed February 14, 2011.  The plaintiff filed a response [#52] and the defendant filed a reply [#63].   I grant the motion in part and deny it in part.

## I.  STANDARD OF REVIEW

     Defendant seeks to limit the proposed testimony of plaintiff's expert witnesses. Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert witness testimony, provides:

> If scientific, technical, or other specialized knowledge will
> assist the trier of fact to understand the evidence or to
> determine a fact in issue, a witness qualified as an expert by
> knowledge, skill, experience, training, or education, may
> testify thereto in the form of an opinion or otherwise, if
> (1) the testimony is based upon sufficient facts or data, (2)

---

[1]   "[#44]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED.R.EVID. 702.  As interpreted by the Supreme Court, Rule 702 requires that an expert's testimony be both reliable, in that the witness is qualified to testify regarding the subject, and relevant, in that it will assist the trier in determining a fact in issue. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-92, 113 S.Ct. 2786, 2795-96, 125 L.Ed.2d 469 (1993); *Truck Insurance Exchange v. MagneTek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004).   The Supreme Court has described the court's role in weighing expert opinions against these standards as that of a "gatekeeper."  *See Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174, 142 L.Ed.2d 248 (1999).

Under *Daubert* and its progeny, an expert opinion is reliable if it is based on scientific knowledge.  "The adjective 'scientific' implies a grounding in the methods and procedures of science.  Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation."  *Daubert*, 113 S.Ct. at 2795.  In short, the touchstone of reliability is "whether the reasoning or methodology underlying the testimony is scientifically valid."  *Id*. at 2796; *see also Truck Insurance Exchange*, 360 F.3d at 1210.  The party proffering the expert opinion must demonstrate both that the expert has employed a method that is scientifically sound and that the opinion is "based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation."  *Goebel v. Denver and Rio Grande Western Railroad Co.*, 346 F.3d 987, 991 (10th Cir. 2003) (quoting *Gomex v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995)).

Rule 702 demands also that the expert's opinion be relevant, that is, that the

testimony "fit" the facts of the case. *Daubert*, 113 S.Ct. at 2796; *In re Breast Implant Litigation*, 11 F.Supp.2d 1217, 1223 (D. Colo. 1998). "'[T]he standard for fit is higher than bare relevance.'" *In re Breast Implant Litigation*, 11 F.Supp.2d at 1223 (quoting *In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 745 (3rd Cir. 1994), *cert. denied*, 115 S.Ct. 1253 (1995)). The proffered evidence must speak clearly and directly to an issue in dispute in the case. *Id.*

Guided by these principles, the court has broad discretion in determining whether expert testimony is sufficiently reliable and relevant to be admissible. *Truck Insurance Exchange*, 360 F.3d at 1210; *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1243 (10th Cir. 2000). The overarching purpose of the court's inquiry is "to make certain that the expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Goebel*, 346 F.3d at 992 (quoting *Kumho Tire Company*, 119 S.Ct. at 1176).

## II. ANALYSIS

The claims at issue in this case are plaintiff Mark Nicastle's claims that defendant Douglas Darr retaliated against Nicastle for Nicastle's exercise of his First Amendment rights to freedom of speech and freedom of association. Nicastle is a long standing employee of the Adams County Sheriff and, at the times relevant to Nicastle's claims, Darr was the elected Sheriff of Adams County. It is undisputed that Darr imposed various disciplinary measures on Nicastle, including the demotion of Nicastle from lieutenant to sergeant. They key issue in this case is whether Darr took these actions in an effort to retaliate against Nicastle for Nicastle's exercise of his right to free speech and freedom of association as Nicastle sought to run for the office of Sheriff.

**A.  Summary of Proposed Opinion Testimony**

The defendants challenge the testimony of five witnesses designated by the plaintiff as offering testimony under Rule 702.

1.  James Sewell - Sewell has been designated to offer opinion testimony concerning the personnel practices of the Adams County Sheriff's Office and to opine that Darr's imposition of various disciplinary measures on Nicastle was motivated by Darr's desire to place Nicastle in a politically weak position.   In his report, Sewell notes what he considers to be inconsistencies and irregularities in various disciplinary actions taken against Nicastle, and opines that Darr lacked objectivity when he participated in certain disciplinary actions against Nicastle.  *Motion to strike* [#44], Exhibit B (Sewell report).  Sewell has substantial experience with law enforcement agencies in Florida, apparently including management of such agencies.

2.  Paul Siska - Siska is a 33 year employee of the Adams County Sheriff's Office, and worked for seven years as undersheriff.  Siska has been designated to opine that certain disciplinary measures imposed on Nicastle were inappropriate, in his judgment, and that Darr's motive for imposing these disciplinary measures on Nicastle was to retaliate against Nicastle and to put Nicastle in a politically weak position. *Motion to strike* [#44], Exhibit C (Siska report).

3.  Todd McIntosh, David Shipley, Clinton Tweeden, Fred Stoll - These four witnesses all have long-term experience as employees of the Adams County Sheriff's Office.  Generally, the plaintiff seeks to have these witnesses express opinions about the quality of Nicastle's performance as a lieutenant in the Adams County Sheriff's Office, what each of these witnesses would have done had they been in control of various disciplinary measures taken against Nicastle, and their opinion that certain

disciplinary measures taken against Nicastle were unfair or improper.  Siska, Tweden, and Stoll were involved in the process of imposing disciplinary measures on Nicastle.  Siska and Stoll authored written recommendations concerning the outcome of certain disciplinary proceedings against Nicastle.  Tweden and Shipley were Nicastle's supervisor during certain times relevant to this case.

### B.  Sufficiency of Disclosure

The plaintiff designated McIntosh, Shipley, Tweeden, and Stoll as non-retained experts under Fed. R. Civ. P. 26(a)(2)(C).  Rule 26(a)(2)(C) provides, in relevant part:

> if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

The plaintiff's designations for McIntosh, Shipley, Tweden, and Stoll state that each of these witnesses will testify as an expert "consistent with all matters raised in his . . . deposition."  *Motion to strike* [#44], Exhibit A.  The transcript of the deposition of each of these witnesses is attached to the plaintiff's expert disclosure.  The defendants note that the deposition of each of these witnesses was taken before the witnesses were designated as experts and that the plaintiff's Rule 26 designation gives no indication of what topics addressed in the full-day depositions of each of these witnesses might be the subject of purported expert testimony.

I conclude that the plaintiff's initial designations of McIntosh, Shipley, Tweden, and Stoll do not comply with the requirements of Rule 26(a)(2)(C).  The transcripts of the depositions of these witnesses do not specify adequately the subjects on which the

witnesses are expected to present opinion testimony under Fed. R. Evid. 702, 703, or 705, and they do not summarize the opinions to which each of these witnesses is expected to testify.  Rule 26(a)(2)(C) requires specificity much greater than that provided in the plaintiff's designations and the deposition transcript  of a day long deposition.

On March 7, 2011, the plaintiff submitted a supplemental disclosure of expert witnesses.  *Reply* [#63] filed March 28, 2011, Exhibit A.  The defendant states in his reply that the supplemental disclosure is adequate, but continues to assert other bases for exclusion of expert testimony by these witnesses.  I read to defendant's reply [#63] as a withdrawal of his objection to the proposed expert testimony of McIntosh, Shipley, Tweden, and Stoll based on insufficient disclosure.  Therefore, I do not address this issue further.

## C.  Topics of Proposed Opinion Testimony

In response to the defendants' motion, Nicastle argues that opinion testimony will be of assistance to the jury on the following topics:

1) law enforcement administration;

2) various law enforcement policies and what they actually mean in practice;

3) how the practices of the Adams County Sheriff's Office on various topics such as county vehicle policy, political activity, and computer usage differ from the actual policy;

4) how discipline has been handled historically on various topics;

5) how vacation policy has been handled historically in the context of a law enforcement organization;

6) the criteria that have been used historically by the Adams County Sheriff's Office when considering demotion;

7) the importance of understanding command structure;

8) the disciplinary process, including internal affairs; and

9) whether the actions or inactions of the plaintiff justify demotion or the other adverse employment actions taken against Nicastle.

Initially, I conclude that testimony addressing the topics designated as 3), 4), 5), and 6), above, is fact testimony rather than opinion testimony to which Rule 702 is applicable. Percipient witnesses can describe these facts and such factual testimony does not require further analysis and application of reliable principles and methods. Because Rule 702 is not applicable to such fact testimony, I deny the defendants' motion to the extent it seeks to exclude such testimony under Rule 702.  The topics designated by the plaintiff as 1), 2), and 7) are quite general and it is not clear what, if any, opinion testimony the plaintiff may seek to present on these general topics.  As a result, I do not analyze these general topics in resolving this motion.

Notably, the plaintiff's experts also seek to opine that:

1)  in certain specific instances involving Nicastle, the witness would not have imposed against Nicastle any disciplinary measures, or would not have imposed the same disciplinary measures as were imposed by Darr;

2) that certain procedures used by Darr in disciplinary proceedings against Nicastle were improper and unfair; and

3) that Darr's motivation for imposing discipline on Nicastle was to place Nicastle in a politically weak position.

### D.  Reliability

The defendant argues that the opinions of the plaintiff's proposed expert witnesses are not sufficiently reliable because there is no scientific method, or even recognized framework, on which to based these decisions.  Citing ***Daubert***, the defendant argues that the opinions in question have not been subject to testing or to

peer review, that there is no known or potential rate of error in the methodology, and there is no evidence that the witnesses' theories have been accepted in the scientific community.  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993).  I disagree.  The opinions at issue here are not scientific opinions.  Because opinion testimony often concerns issues outside of scientific disciplines,

> the test of reliability is flexible, and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination.

*Kumho Tire Co., Ltd. v. Carmichael*  526 U.S. 137, 142 (1999).  To the extent I conclude that the opinion testimony proposed by the plaintiff otherwise is admissible, and considering nature of those opinions and the circumstances of this case, I conclude that the opinion testimony proposed by the plaintiff is sufficiently reliable.

### E. Circumvention of Jury Decision

The defendant argues that the plaintiff's proposed exert testimony would circumvent the jury's decision making process. Fed. R. Evid. 704(a) provides that opinion testimony that otherwise is admissible "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."   With one exception, and in relation to Nicastle's First Amendment claims, the proposed opinion testimony does not constitute the type of legal conclusions that must be excluded under Rule 702. *See, e.g., Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988).  I note, however, that some of Nicastle's proposed expert witnesses do state that certain procedures used when disciplinary measures were taken against Nicastle violated Nicastle's right to due process of law.  Nicastle's due process claim has been dismissed.  Such opinion testimony is improper under *Specht* in relation either to a due process claim or a First

Amendment claim and must be excluded in this case.  This includes opinion testimony that certain procedures used when disciplinary measures were taken against Nicastle were unfair.

### F.  Conflict of Interest

The defendant argues that the opinion testimony of Siska, Stoll, Tweeden, and Shipley should be excluded because these witnesses have a conflict of interest.  To the extent this may be true, any such conflict of interest goes to the weight and credibility to be accorded to the opinions of these witnesses, and not to the admissibility of their opinion testimony.

### G.  Qualifications

The defendant challenges the qualifications of each of the witnesses listed above to testify to the opinions stated in their reports and expert witness designations. With one exception, I conclude that the witnesses in question are qualified to testify to the opinions expressed in their reports or the plaintiff's expert witness disclosure.  I conclude that to the extent there are any gaps or other flaws in the relevant qualifications of these witnesses, those gaps go to the weight and credibility to be accorded to their opinions and not to the admissibility of those opinions.

To the extent the plaintiff's witnesses seek to express an opinion about the motive of Darr when Darr imposed discipline on Nicastle, I conclude that the qualifications of the witnesses are not adequate to permit them to opine about Darr's motive.  Each of the plaintiff's proposed experts have experience, and some have education, in the area of law enforcement, including the management of a law enforcement organizations and discipline within a law enforcement organization.  Such specialized training and experience is not sufficient to permit these witnesses to

express a reliable and well-founded expert opinion about the possible motives of

another person, including Darr's motive when he imposed discipline on Nicastle.

### H.  Need for Opinion Testimony

> The 'touchstone' of admissibility of expert testimony is its
> helpfulness to the trier of fact.  When the normal experiences and
> qualifications of laymen jurors are sufficient for them to draw a proper
> conclusion from given facts and circumstances, an expert witness is not
> necessary and is improper.

**Wilson v. Muckala**, 303 F.3d 1207, 1219 (10th Cir. 2002).

Whether Darr had a retaliatory motive when he imposed various disciplinary

measures on Nicastle is a key issue in this case.  Some of the plaintiff's proposed

expert witnesses have opined that Darr had a retaliatory motive, or a motive to put

Nicastle in a weak political position, when Darr imposed disciplinary measures on

Nicastle.  I agree with the defendant that retaliation is not a confusing concept.  The

normal experiences and qualifications of the jurors in this case will be sufficient for them

properly to reach a conclusion, based on the fact testimony and other evidence, about

whether or not Darr had a retaliatory motive.  Expert testimony expressing an opinion

about Darr's motive would not be helpful to the jury must be excluded.

Some of the plaintiff's proposed experts seek also to express an opinion about

what discipline they would have imposed on Nicastle in certain circumstances had the

witness, rather than Darr, been in a position to impose such discipline.  Given the broad

discretion granted to Darr, or any Sheriff, on such issues, and given the fact testimony

anticipated at trial, I conclude that such opinion testimony would not be helpful to the

jury.  The normal experiences and qualifications of the jurors in this case will be

sufficient for them properly to reach a conclusion, based on the fact testimony and

other evidence, about the reasons and motivation for Darr's actions.

I note, however, that it appears that some of the proposed opinion witnesses relayed to Darr recommendations concerning discipline of Nicastle before Darr made a final decision about what discipline to impose.  The content of such recommendations, which were part of the basis for Darr's ultimate decisions, are relevant to an evaluation of Darr's ultimate decision and are relevant to the jury's evaluation of Darr's motive. These content of these recommendations, as opposed to hindsight opinion about proper discipline, are admissible as fact testimony.

## III.  CONCLUSION

For the reasons detailed in this order, the opinion testimony of the plaintiff's proposed expert witnesses is not admissible to the extent these witnesses seek to opine as an expert witness under Rule 702 that a) Darr had a retaliatory motive when he imposed disciplinary measures on Nicastle; b) that procedures used in disciplinary proceedings used against Nicastle were unfair or violated Nicastle's right to due process of law; and c) that the witness would have imposed no disciplinary measures or different disciplinary measures on Nicastle if the witness had been in Darr's position as Sheriff.  However, evidence concerning recommendations concerning discipline of Nicastle made to Darr before Darr made a decision about a disciplinary issue involving Nicastle are admissible, assuming all other requirements for admissibility are satisfied. Otherwise, I deny the defendant's motion to strike the plaintiff's liability experts.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That under FED. R. CIV. P. 702, the defendants' **Motion To Strike Plaintiff's Liability Experts** [#44] filed February 14, 2011, is **GRANTED** as to the plaintiff's proposed expert opinion testimony addressing a) whether Darr had a retaliatory motive

when he imposed disciplinary measures on Nicastle; b) whether procedures used in disciplinary proceedings used against Nicastle were unfair or violated Nicastle's right to due process of law; and c) whether an expert opinion witness would have imposed no disciplinary measures or different disciplinary measures on Nicastle if the witness had been in Darr's position as Sheriff;

2.   That evidence concerning the content of recommendations concerning discipline of Nicastle that were made to Darr before Darr made a decision about a certain disciplinary issue concerning Nicastle are admissible, assuming all other requirements for admissibility are satisfied;

3.   That otherwise, the defendants' **Motion To Strike Plaintiff's Liability Experts** [#44] filed February 14, 2011, is **DENIED**.

Dated April 29, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge