**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-00816-REB-KMT

MARK R. NICASTLE,

    Plaintiff,

v.

ADAMS COUNTY SHERIFF'S OFFICE, and
SHERIFF DOUGLAS N. DARR, in his official and individual capacity,

    Defendants.

## ORDER GRANTING MOTION PLAINTIFF'S MOTION *IN LIMINE*

**Blackburn, J.**

    This matter is before me on the **Plaintiff's Motion *In Limine*** [#50][1] filed February 28, 2011. The defendant filed a response [#61], and the plaintiff filed a reply [#67]. I deny the motion.

    In essence, the plaintiff asks that the defendant's designation of non-retained experts be stricken because it does not comply with FED. R. CIV. P. 26(a)(2)(C). *Motion in limine* [#50], Exhibit A (Defendant's Disclosure). Rule 26(a)(2)(C) provides, in relevant part:

> if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705; and

---

[1] "[#50]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

>     (ii) a summary of the facts and opinions to which the witness is expected to testify.

The plaintiff argues in his motion that the defendant's Rule 26(a)(2) disclosure does not provide an adequate summary of the facts and the opinions to which the defendant's non-retained experts will testify.  The non-retained experts specified in the Defendant's Disclosure are (1) Sheriff John Cook; (2) Sheriff Kirk Taylor; (3) Sheriff Stan Hilkey; (4) Sheriff Douglas N. Darr; (5) Captain Craig Coleman; (6) Undersheriff Roger Engelsman.

Rule 26(a)(2)(C) requires that a designation of a non-retained expert contain a summary of facts and opinions to which the expert will testify.  This requirement differs substantially from the more detailed expatiation required of a report provided by a retained expert.  *Cf.* FED. R. CIV. P. 26(a)(2)(B).  Having reviewed the Defendant's Disclosure, I conclude that the disclosure includes an adequate summary of the opinions to which the defendant's non-retained experts will testify.  The Defendant's Disclosure provides also an adequate summery of some of the facts to which the experts will testify.  For example, the disclosure states that certain witnesses will testify to their "experience as a Sheriff," and their "experience in making personnel decisions for his department."  *Defendant's Disclosure*, p. 2.

However, the summary of facts tied to some opinions summarized in the Defendant's Disclosure is far too general to satisfy the requirements of Rule 26(a)(2)(C).  Specifically, each of the witnesses cited in the Defendant's Disclosure are predicted to opine about the propriety of discipline imposed on Nicastle and the adequacy of due process provided to Nicastle.  These opinions are said to be based on facts included in "Mark Nicastle's internal affairs investigation files and Mark Nicastle's personnel file."  *See, e.g., Defendant's Disclosure*, p. 2.  The plaintiff notes that these

files contain approximately 963 pages plus audio recordings and transcriptions.

A summary is defined as a brief account that states the main points of a larger body of information. By citing Nicastle's files as a summary of facts, the defendant identifies a large body of detailed information and, thus, fails to provide anything approaching a brief account or statement of the main facts on which his experts will rely. Designation of such a prodigious volume of material does not constitute a summary of the facts to which the witnesses will testify within the meaning and requirements of Rule 26(a)(2)(C). To this extent, the Defendant's Disclosure does not comply with FED. R. CIV. P. 26(a)(2)(C).

Although I conclude that the defendant's Rule 26(a)(2)(C) disclosure is not sufficient because it does not provide a summary of the facts to which the defendant's experts will testify in relation to Nicastle's internal affairs investigation files and personnel file, I conclude also that any prejudice suffered by the plaintiff as a result of this flaw is not irreparable. Most important, Nicastle and his counsel are extremely familiar with Nicastle's internal affairs investigation files and his personnel file. These files are at the heart of this case. Thus, if the defendant provides a summary of the particular facts in those files on which each of the defendant's proposed experts will rely, that summary will provide the plaintiff with adequate notice of the factual basis for the opinion testimony the defendant will seek to introduce in this case.

Further, after the Defendant's Disclosure was tendered to the plaintiff, some claims in this case have been dismissed, and some of the expert testimony proposed by the plaintiff has been excluded. As a result of these developments, it is likely that the number of expert opinions that the defendant will seek to introduce in this case now will be reduced significantly. Therefore. If the defendant provides an amended Rule

3

26(a)(2)(C) disclosure specifying the expert opinions the defendant now seeks to present at trial and summarizing, as required by Rule 26(a)(2)(C), the facts about which each expert will testify, the plaintiff will have adequate notice of the opinions and their factual basis.

To the extent the defendant seeks to present testimony at trial of non-retained experts under Fed. R. Evid. 702, I require the defendant to provide to the plaintiff, and file with the court, an amended Rule 26(a)(2)(C) disclosure on or before 12:00 o'clock p.m. (noon) (MDT), on Friday, May 6, 2011.  The defendant may not include in any amended Rule 26(a)(2)(C) disclosure witnesses or opinions not disclosed in the defendant's initial disclosure, as shown in Exhibit A to the plaintiff's *motion in limine* [#50].  If the defendant files a timely amended Rule 26(a)(2)(C) disclosure, the defendant must summarize both the facts and opinions to which each of the defendant's non-retained expert witness is expected to testify.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion *In Limine*** [#50] filed February 28, 2011, is **GRANTED** on the terms stated in this order;

2. That to the extent the defendant seeks to present testimony of non-retained experts at trial under Fed.R.Evid. 702, the defendant **SHALL PROVIDE** to the plaintiff, and file with the court, an amended Rule 26(a)(2)(C) disclosure on or before **12:00 o'clock (noon) mountain daylight time on Friday, May 6, 2011**;

3. That any amended Rule 26(a)(2)(C) disclosure filed by the defendant **SHALL COMPLY** fully with the requirements of Fed. R. Civ. P. 26(a)(2)(C);

4. That if the defendant files an amended Rule 26(a)(2)(C) disclosure, the defendant **MAY NOT INCLUDE** a disclosure of any witnesses or opinions not disclosed

in the defendant's initial Rule 26(a)(2)(C) disclosure, as shown in Exhibit A to the plaintiff's *motion in limine* [#50];

     5.  That to the extent the plaintiff seeks relief in addition to that provided in this order, the **Plaintiff's Motion *In Limine*** [#50] filed February 28, 2011, is **DENIED**.

     Dated May 3, 2011, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge