May 8, 2011

Todd B. Sharon #81359
F.C.F. / C.H. 3
P.O. Box 999
Canon City, CO 81215-0999

United States District Court
ATTN: Office of the Court Clerk
901 19th Street, Room A-105
Denver, CO 80294-3589

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 10 2011

GREGORY C. LANGHAM
CLERK

10-cv-00816-REB-KMT

RE: <u>Nicastle v. Adams County Sheriffs Office / Sheriff Darr</u>, Case No. unknown

To The Presiding Judge, and to Whom It May Concern:

In light of the current pending lawsuit / trial in the above-named action, I felt it important enough to bring to the forefront Sheriff Darr's reputation for unethical actions that has been previously covered-up, and now he has to answer for those actions before the court.

I want to make known that Sheriff Darr's corruption has included his committing felonies while in office, and court documents in another jurisdiction will prove this. Hopefully this new evidence will be found favorable for Mr. Nicastle.

In January 2007, myself and another former inmate, Tito Ontiveros, filed a pro se civil action -- Petition For Writ Of Habeas Corpus -- in Jefferson County District Court, Colorado. (See, <u>Ontiveros v. Colo. Dept. of Corrections, et al.</u> [including Sheriff Darr], Jefferson County District Court Case No. 07 CV 79). Under Colorado Revised Statutes, § 13-45-101 et seq., an aggrieved inmate who is being illegally detained on a parole hold can file in **any courts jurisdiction** within the State of Colorado. Sheriff Darr was a named Repsondent because Ontiveros was being held in the Adams County Jail, and Sheriff Darr was the sheriff.

On / about January 30, 2007, Jefferson County District Court Judge Leland Anderson issued an Order To Show Cause why he shouldn't order the release of Ontiveros to all of the named Respondents (including Sheriff Darr), and to answer the allegations against them (Colo. Dept. of Corrections; Colo. Parole Division; Colo. State Board of Parole; and Sheriff Darr). Normally, the time-frame for a Show Cause Order given to most of the respondents in a court case is 30 days; Judge Anderson gave these Respondents only seven(7) days. No response was ever given except for the Entry Of Appearance by the State Attorney Generals Office (for the Dept. of Corrections).

A hearing for Ontiveros's release was scheduled for February 22, 2007 in Jefferson County District Court in front of Judge Anderson. Ontiveros never made it to that hearing due to Sheriff Darr's non-compliance with Judge Anderson's court order. Pursuant to Colo. Rev. Stat. § 13-45-101 et seq., either 13-45-113, -114, or -115, the statute defines that the sheriff and county in which the person aggrieved is held, commits a class six(6) felony if he avoids compliance with any courts orders to produce the body of the Petitioner before the court on a date certain. Instead, Sheriff Darr had Ontiveros transferred to the Dept. of Corrections / Denver Reception and Diagnostic Center,

thereby hiding Ontiveros and violating not only a court order, but violating statutory law and committing a felony in the process. Nothing ever came of this, but the court documents will speak for themselves. This was done on February 22, 2007, the same date.

I've previously interacted with then-Lt. Nicastle and he was always professional, respectful, and straightforward in all of his duties. It doesn't surprise me that Sheriff Darr's internal affairs investigations lodged against Mr. Nicastle yielded no results. Any person always knew where they sttod with Mr. Nicastle because he was always fair in all of his actions and duties.

Adams County is corrupted -- first the County Board of Commissioners and that investigation, and now this lawsuit -- it only affirms what I've believed for years...that the corruption runs deep.

Thank you for reading my letter, and have a nice day.

Sincerely,

Todd B. Sharon

cc: similar to The Denver Post