**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-0816-REB-KMT

MARK R. NICASTLE

    Plaintiff,

v.

SHERIFF DOUGLAS N. DARR, in his official and individual capacity

    Defendant.

---

**FINAL ORDER AND ORDER FOR JUDGMENT
UNDER FED. R. CIV. P. 54 AND 58**

---

**Blackburn, J.**

This matter is before the court on the parties' **Stipulation Re: Entry of Final Judgment Pursuant to F.R.C.P. 54 and 58** [#108][1] filed August 25, 2011. The Court, having reviewed the pleadings, having heard the jury trial proceedings from May 2, 2011, through May 12, 2011, having reviewed the **Verdict Form** [#102-7], having reviewed the Parties' Settlement Agreement and General Release [#108-2] and the Parties' **Stipulation Re: Entry of Final Judgment Pursuant To F.R.C.P. 54 and 58** [#108], and being fully advised on the premises, hereby **FINDS** as follows:

    1.    Venue has been considered and is proper.

    2.    Defendant, Sheriff Douglas N. Darr ("Darr") is not an infant, incompetent person, officer or agent of the State of Colorado, or in the military service.

---

[1] "[#108]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

3. Defendant Darr was served personally on April 15, 2010.

4. The Court adopts and incorporates the Verdict Form [#102-7] as part of this **Final Order and Order for Judgment Under FED. R. CIV. P. 54 and 58**.

5. The Court adopts and incorporates the Settlement Agreement and General Release [#108-2] as part of this **Final Order and Order for Judgment Under FED. R. CIV. P. 54 and 58**.

6. The Court adopts and incorporates in this **Final Order and Order for Judgment Under FED. R. CIV. P. 54 and 58**, the jury's findings on or about May 12, 2011, concerning all claims for relief and affirmative defenses in this Civil Action.

7. Specifically, the Court **FINDS** that

　　a. Nicastle has proven by preponderance of the evidence each and all of the six (6) essential elements of his claim that Darr retaliated against Nicastle in violation of Nicastle's First Amendment Right to Freedom of Speech;

　　b. Darr did not prove by preponderance of the evidence his affirmative defense to Nicastle's First Amendment Right to Freedom of Speech claim;

　　c. Nicastle has proven by preponderance of the evidence each and all of the six (6) essential elements of his claim that Darr retaliated against Nicastle in violation of Nicastle's First Amendment Right to Freedom of Association;

　　d. Darr did not prove by preponderance for the evidence his affirmative defense to Nicastle's First Amendment Right to Freedom of Association claim.

8.     The Court adopts as part of this **Final Order and Order for Judgment Under FED. R. CIV. P. 54 and 58**, the Jury's findings as set forth above in Paragraph 6 (a-d), and the jury's award to Nicastle of the following damages set forth in dollars and cents:

    a. Emotional Pain and Suffering: $99,000.00; and

    b. Lost Wages:  $24,600.00.

9.     The Court adopts as part of this **Final Order and Order for Judgment Under FED. R. CIV. P. 54 and 58**, the Jury's finding that Plaintiff Nicastle proved by preponderance of the evidence that Nicastle is entitled to punitive damages that were caused by the conduct of Darr in the amount of $1.00.

10.    The Court **WITHDRAWS** and **DISCHARGES** its **Preliminary Injunction** [#18] dated April 27, 2010, and **DIRECTS** the Clerk of the Court to release the $1.00 bond which was deposited by Plaintiff Nicastle.

11.    The Court has carefully reviewed the Parties' Settlement Agreement and General Release [#108-2] and hereby approves its terms and conditions as part of this **Final Order and Order for Judgment Under FED. R. CIV. P. 54 and 58**.  Specifically, the Court **FINDS** that

    a. In exchange for a full and final release of all claims that the Plaintiff has, had, or may have against Defendant, Defendant and his insurance carrier agree to pay Plaintiff and his attorneys, Elkus & Sisson, P.C. the total amount of $730,000.00.

    b. That Defendant Darr agrees to pay sums necessary to bring Plaintiff's retirement rate of pay to that of a "topped out" Lieutenant;

    c. That Plaintiff Nicastle agrees that he will resign or otherwise

voluntarily end his employment with the Adams County Sheriff's Office on or before August 31, 2011.

12.     That this Court adopts as part of this **Final Order and Order for Judgment Under FED. R. CIV. P. 54 and 58**, the Parties' agreement that post-judgment interest will not begin to accrue on the total judgment at the Federal rate of interest until November 15, 2011.

**THEREFORE, IT IS ORDERED** as follows:

1. That the parties' **Stipulation Re: Entry of Final Judgment Pursuant to F.R.C.P. 54 and 58** [#108] filed August 25, 2011, is **APPROVED** on the terms stated in this order;

2. That under FED. R. CIV. P. 54 and 58, **JUDGMENT SHALL ENTER** in favor of Plaintiff, Mark R. Nicastle, against Defendant, Sheriff Douglas N. Darr, and the Plaintiff, Mark R. Nicastle, is awarded the following amounts, to be paid to Plaintiff, Mark R. Nicastle, by Defendant, Sheriff Douglas N. Darr:

   a. The principal amount of $730,000.00; and

   b. All sums necessary to bring Plaintiff's retirement rate of pay to that of a "topped out" Lieutenant;

3. That post-judgment interest shall accrue on the total judgment at the Federal rate of interest beginning on November 15, 2011, until post-judgment interest is paid in full;

4. That this **Final Order and Order for Judgment Under FED. R. CIV. P. 54 and 58**, and the resulting judgment, fully resolve all claims and all of the parties' rights and liabilities in this case;

5. That the **Plaintiff's Motion To Designate Deposition Testimony of Candi**

4

**Baker Out of Time** [#87] filed April 27, 2011, and the **Plaintiff's Verified Motion To Obtain Additional Limited Discovery** [#105] filed June 17, 2011, both are **DENIED** as moot; and

6. That this case is **CLOSED**.

Dated October 4, 2011, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge
